(No. 70756█

RONNIE VINSON *et al.*, Appellees, v. ALLSTATE, a
Corporation, Appellant.

*Opinion filed September 19, 1991.*

Michael J. Pitzer and Steven J. Hughes, of Brown, James & Rabbitt, P.C., of Belleville, for appellant.

No appearance for appellees.

JUSTICE MORAN delivered the opinion of the court:

Plaintiffs, Ronnie Vinson and JoAnn Busby, brought an action against defendant, Allstate Insurance Company (Allstate), in the circuit court of Alexander County, seeking indemnification for the loss of their home, and for attorney fees attributed to Allstate's alleged delay in settling their insurance claim. Allstate filed a motion to dismiss based upon the doctrine of *forum non conveniens*. The circuit court denied the motion and Allstate filed a petition for leave to appeal in the appellate court which was also denied (107 Ill. 2d R. 306). This court allowed Allstate's petition for leave to appeal (134 Ill. 2d R. 315(a)).

The sole issue presented for review is whether the trial court erred in denying Allstate's *forum non conveniens* motion.

Plaintiffs' complaint alleges that they owned a single-family dwelling that was completely destroyed by a

fire on May 1, 1989. Plaintiffs' stated that, at the time of the fire, they had a homeowners insurance policy issued by Allstate and that they filed a claim under the policy following the fire. Allstate later denied the claim, which the plaintiffs maintain contravened the terms of the homeowners policy.

Allstate filed a motion to dismiss under the doctrine of *forum non conveniens* on the basis that the dispute on the homeowners policy did not have any factual connection with Alexander County, or the State of Illinois, for the following reasons: the insured premises was located in the State of Missouri; all known occurrence witnesses reside in Missouri; the plaintiffs were residents of Missouri at the time the policy was executed; the insurance policy was executed in Missouri; the insurance policy must be interpreted under Missouri law; and under the principles of convenience and fairness to the parties and occurrence witnesses, the lawsuit should be brought in the State of Missouri.

The circuit court denied Allstate's motion after it balanced the private and public interest factors it considered pertinent to the case. The court found Alexander County to be a convenient and appropriate forum because: (1) Allstate does business in the county; (2) Allstate is a corporate resident of the State; (3) there was no showing as to the unavailability of witnesses; (4) no problems were shown in obtaining the attendance of witnesses; and (5) the instant case will not be unduly delayed given the case load in Alexander County.

The question for this court is whether the circuit court's denial of Allstate's *forum non conveniens* motion was an abuse of discretion. A trial court's ruling will not be reversed on review unless it can be shown that the court abused its discretion in balancing the relevant factors. *Meyers v. Bridgeport Machines Divi-*

*sion of Textron, Inc.* (1986), 113 Ill. 2d 112, 118; *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 106.

*"Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration." (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.) According to this equitable doctrine, a court which has jurisdiction over the parties and the subject matter involved may nevertheless decline jurisdiction of a case when it is apparent that trial in another forum with jurisdiction over the parties would be more convenient and would better serve the ends of justice. (*Adkins,* 54 Ill. 2d at 514; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223; *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 527.) This common law doctrine is applicable on an interstate basis and a case can be dismissed where the "case *** has no practical connection to the forum." *Torres v. Walsh* (1983), 98 Ill. 2d 338, 348.

In determining whether to dismiss a case under this doctrine, the private interests affecting the convenience of the litigants and the public interests affecting the administration of the courts must be balanced by the court. (*Bland,* 116 Ill. 2d at 223-24; *Boner,* 142 Ill. 2d at 528.) The litigants' private interests include factors such as the " 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing[,] witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Bland,* 116 Ill. 2d at 224, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.

The public interest factors relevant here are as follows: the "[a]dministrative difficulties [that] follow for courts when litigation is piled up in congested centers instead of being handled at its origin[;] [j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation"; and "[t]here is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

This court in balancing the factors outlined above must also take into consideration the principle that "unless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper." (*Torres*, 98 Ill. 2d at 351.) The record does not show that the plaintiffs in the instant case are residents of Alexander County and, consequently, their choice of forum is entitled to less deference. *Bland*, 116 Ill. 2d at 227-28; *Boner*, 142 Ill. 2d at 529.

After examining the record before us, we find that Allstate is an Illinois corporation that does business within Alexander County. Because it is assumed on a *forum non conveniens* motion that the court has jurisdiction over the defendant, the fact that Allstate conducts business within the county is not the only factor the court should consider in its analysis. "A *forum non conveniens* motion *** causes a court to look *beyond the criterion of venue* when it considers the relative convenience of a forum." (Emphasis added.) (*Bland*, 116 Ill. 2d at 226.) "[M]erely conducting business in [Alexander] County does not affect the *forum non conveniens* issue ***." *Boner*, 142 Ill. 2d at 540.

However, the court in the instant case considered this factor when it denied Allstate's motion. In an attachment to its order, the court noted:

"In matters such as this the court must weigh all relevant factors in determining the appropriate forum, including both private and public concerns. In this case these include among others:

\* \* \*

6.) The defendant does business in Alexander County."

The court clearly abused its discretion when it weighed this factor in conjunction with the other private and public interest factors relevant here.

Directing our attention to the *relevant* considerations leads us to conclude that there are not sufficient factors favoring the plaintiffs' choice of forum and the balance is strongly in Allstate's favor. With one exception, everyone Allstate interviewed about the fire had a Missouri address. Both witnesses who observed the insured premises within 24 hours of the fire are Missouri residents. Eight of the nine occurrence witnesses reside in Missouri. Moreover, Illinois courts do not have subpoena power in Missouri. Therefore, Allstate would not be able to compel the attendance of these eight witnesses. Even if some of these witnesses were willing to testify, it seems unreasonable for them to travel to Illinois to testify about a fire that occurred in Missouri—the State in which eight of the witnesses reside.

Also, at some point in the trial a jury may be directed to view the insured premises. Plaintiffs' home, the subject of the homeowners policy in dispute, was located in Wyatt, Missouri. Although Alexander County is only seven miles from Wyatt, Missouri, it is irrational for a jury composed of Alexander County residents to travel to Missouri to view the location of plaintiffs'

home. "Mileage is but one factor of convenience." *Bland,* 116 Ill. 2d at 227.

The public interest factors also do not favor Alexander County. Although the case load in Alexander County is not heavy, the weight of the other public interest factors support Allstate's motion: the plaintiff, Ronnie Vinson, was a Missouri resident at the time of the fire and at the time suit was filed; plaintiffs' home was located in Wyatt, Missouri; the home caught on fire and the fire was extinguished by the Wyatt volunteer fire department; eight of the nine occurrence witnesses reside in Missouri; and an investigation of the fire was conducted by the Missouri State Fire Marshall.

The residents of Alexander County should not be burdened with jury duty given the fact that none of the events surrounding this controversy took place in their county. This dispute has significant connections to Missouri and residents of that State would certainly have " 'a local interest in having localized controversies decided at home.' " *Bland,* 116 Ill. 2d at 224, quoting *Gulf Oil,* 330 U.S. at 509, 91 L. Ed. at 1063, 67 S. Ct. at 843.

For the foregoing reasons, we conclude that the trial court abused its discretion when it denied Allstate's *forum non conveniens* motion. The judgments of the circuit and appellate courts are reversed, and the cause is remanded to the circuit court of Alexander County with directions to grant Allstate's motion.

*Judgments reversed;*
*cause remanded with directions.*