DONALD W. ROGERS, Plaintiff-Appellee, v. GATEWAY WESTERN RAIL- WAY COMPANY, Defendant-Appellant.

Fifth District   No. 5—92—0557

Opinion filed December 29, 1993.—Rehearing denied January 31, 1994.

Paul M. Brown and Robert T. Mills, both of Coburn, Croft & Putzell, of St. Louis, Missouri, for appellant.

Glenn E. Bradford and Clarence W. Harrison II, both of Morris B. Chapman & Associates, Ltd., of Granite City, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The plaintiff, Donald W. Rogers, filed a complaint in the circuit court of St. Clair County on December 6, 1991, pursuant to the Federal Employers' Liability Act (45 U.S.C.A. §§51 through 60 (West 1986)). The defendant, Gateway Western Railway Company, filed a motion to dismiss on the grounds of *forum non conveniens* (motion). The motion was denied. This court granted defendant's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (134 Ill. 2d R. 306(a)(1)(ii)).

Plaintiff's one-count complaint seeks damages for personal injuries suffered while employed by defendant as a brakeman—"when attempting to throw a switch, he injured his back due to the negligence of Defendant." On January 8, 1992, defendant filed an answer to the complaint, a jury demand, and a motion for change of judges. On February 5, 1992, defendant filed its motion. The motion alleged the incident occurred in Vandalia, Audrain County, Missouri; that plaintiff resides in Moberly, Randolph County, Missouri; that of the four treating or examining physicians and the hospital, one physician and the hospital are located in Boone County, Missouri, one physician resides in Randolph County, Missouri, one physician resides in St. Louis County, Missouri, and the treating chiropractor resides in Madison County, Illinois; that the conductor of the train and the roadmaster who inspected the switch reside in Audrain County, Missouri; that plaintiff's supervisor who conducted the initial investigation of the incident lives in Jackson County, Missouri; that the engineer on plaintiff's train crew resides in Miller County, Missouri; and that records

pertaining to the switch when plaintiff was injured are stored in Audrain County, Missouri.

The affidavit of John P. Durante, defendant's director of corporate relations, is attached to defendant's memorandum of law in support of its motion. That affidavit states that plaintiff's place of residence is approximately 180 miles by highway from Belleville, Illinois, county seat of St. Clair County; that the site of plaintiff's injury and the conductor's and roadmaster's residences are approximately 135 miles by highway from Belleville, Illinois; that Miller County, residence of the engineer, is approximately 200 miles from Belleville, Illinois; that Jackson County, Missouri, residence of plaintiff's supervisor, is approximately 280 miles from Belleville, Illinois, by highway; that Boone County, Missouri, residence of a physician and a hospital, is approximately 150 miles by highway; and that the record of the switches is maintained at Mexico, Missouri.

Included in the record on appeal are copies of part of the 1989 annual report to the supreme court of Illinois. In 1989, the average time lapse in months for law jury cases over $15,000 in St. Clair County was 37.5 months. 506 such cases were filed, while there were 1,597 pending cases.

On June 16, 1992, a hearing was held on defendant's motion. Defendant argued that this litigation has no connection with Illinois or St. Clair County, Illinois. Plaintiff argued that defendant is incorporated in Illinois and has its principal place of business in Fairview Heights, St. Clair County, where its personnel records are kept and where plaintiff's medical bills are submitted. Plaintiff has received the "bulk" of his treatment for his injuries in St. Louis, Missouri. Defendant responded that the fact it is doing business in St. Clair County is relevant to venue; however, the corporate office is not relevant in deciding a *forum non conveniens* motion because *forum non conveniens* goes beyond venue. Both parties conceded that they had no cases concerning whether a different rule should apply in deciding a *forum non conveniens* motion where a nonresident plaintiff action is filed in the county of defendant corporation's principal place of business as opposed to a corporation only doing business in the county.

On July 21, 1992, the circuit court's order stated: "Defendant's Motion to Dismiss on the grounds of *Forum Non Conveniens* is hereby overruled." Defendant appeals.

The sole issue for review is whether the trial court abused its discretion when it denied the defendant's motion to dismiss based upon the doctrine of *forum non conveniens.*

The trial court has broad discretion in determining whether to transfer a cause to another jurisdiction on the basis of *forum non conveniens*, and its discretion will not be disturbed absent a clear abuse of that discretion. (*Kwasniewski v. Schaid* (1992), 153 Ill. 2d 550, 552-53, 607 N.E.2d 214, 216.) Implicit in the doctrine of *forum non conveniens* is the recognition that jurisdiction is proper in more than one forum. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1294.) This equitable doctrine permits a court which has jurisdiction over the parties and the subject matter involved to decline jurisdiction when it is apparent that trial in another forum with jurisdiction over the parties would be more convenient and would better serve the ends of justice. (*Vinson v. Allstate* (1991), 144 Ill. 2d 306, 310, 579 N.E.2d 857, 859.) The doctrine of *forum non conveniens* is applicable on an interstate basis as well as an intrastate basis where a case has no practical connection to the forum. *Vinson*, 144 Ill. 2d at 310, 579 N.E.2d at 859.

In applying the doctrine, the court must balance the private interest factors of the litigants themselves against the public interest factors of the fora which could exercise jurisdiction over the subject matter and the litigants. (*Bland*, 116 Ill. 2d at 223-24, 506 N.E.2d at 1294.) Private interest factors include "the convenience of the parties, the relative ease of access to sources of proof, the accessibility of witnesses, and 'all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105-06, 554 N.E.2d 209, 211, quoting *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289.) The interests of the forum chosen for litigation include the congestion of the court's docket, the interest in deciding localized controversies, and the unfairness of imposing jury duty upon residents of a county with little connection to the litigation. *Vinson*, 144 Ill. 2d at 311, 579 N.E.2d at 859.

In balancing private and public interests, unless those factors strongly favor the defendant, the plaintiff should be permitted to exercise his choice to pursue his cause in any locus where venue is proper. (*Vinson*, 144 Ill. 2d at 311, 579 N.E.2d at 859.) FELA provides an injured worker with broad latitude in his choice of the forum in which he chooses to bring suit against his employer: in either State or Federal court, with the option of filing in the locus of the accident, of the plaintiff's residence, or where the defendant is doing business. (45 U.S.C.A. §56 (West 1991).) When an employee of the railroad elects to bring a FELA action in State court, the State's law of venue controls. (*Missouri ex rel. Southern Ry. Co. v. Mayfield* (1950), 340

U.S. 1, 5, 95 L. Ed. 3, 8, 71 S. Ct. 1, 3; *Missouri Pacific R.R. Co. v. Tircuit* (Miss. 1989), 554 So. 2d 878, 880.) It may not, however, impose burdens on FELA cases which it does not impose on other civil actions. *State of Missouri ex rel. Southern Ry. Co. v. Mayfield* (1950), 340 U.S. 1, 95 L. Ed. 3, 71 S. Ct. 1.

As this court noted in *Peile v. Skelgas, Inc.* (1993), 242 Ill. App. 3d 500, 514, 610 N.E.2d 813, 824, "Since it is the plaintiff who commences the action, it is the plaintiff who has the *right* and *obligation* to select a proper forum." (Emphasis in original.) (*Peile*, 242 Ill. App. 3d at 514, 610 N.E.2d at 824.) In this instance, the plaintiff chose St. Clair County, Illinois, in which to bring his action pursuant to FELA. St. Clair County is not the home county of the plaintiff. The Supreme Court observed in *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266: "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign [to the forum chosen], however, this assumption is much less reasonable. Because the essential purpose of any *forum non conveniens* inquiry is to insure that the trial is convenient, a foreign plaintiff's choice deserves less deference." (*Piper Aircraft*, 454 U.S. at 255-56, 70 L. Ed. 2d at 436, 102 S. Ct. at 266.) Less deference does not mean no deference, however, and the presumption exists that plaintiff's chosen forum is convenient for him, given that he chose it and his counsel has his office in the county adjacent to the chosen forum. (*Hoffmeister v. K mart Corp.* (1989), 181 Ill. App. 3d 739, 742-43, 537 N.E.2d 460, 462.) Furthermore, the forum chosen is the home of the defendant, Gateway. It is, as the supreme court noted in *Kwasniewski*, all but incongruous for defendants to argue that their own home county is inconvenient. *Kwasniewski*, 153 Ill. 2d at 555, 607 N.E.2d at 217.

After oral argument was conducted in this court, we allowed the defendant to cite supplemental authority, *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417. *Moore* is the only Illinois case found in which the sole connection of the litigation with this State was the location of the principal place of business within its borders. In *Moore*, the executor of the estate of a woman killed by one of the defendant's trains in Wisconsin brought suit in Cook County, Illinois, the principal place of business of the defendant. The decedent, all known witnesses, treating paramedics, and physicians, and decedent's survivors were all residents of Wisconsin, the site of the accident. The administrator of the estate was appointed by the Wisconsin court, and Wisconsin law was applicable to the case. Our supreme court reversed the trial court's denial of

defendant's motion to dismiss based upon the doctrine of *forum non conveniens*. It found that the administrator's choice of forum, that of his residence and the legal residence of the defendant corporation and the location of all of the defendant's business records, was not entitled to the deference given it by the trial court. Because the petitioner was bringing suit in a representative capacity, was appointed by a Wisconsin court, accountable to the Wisconsin court for any sums received by settlement or litigation as well as for any other sums received or dispersed by the estate, and dependent upon the court for authorization of his acts, his residency was held to have no relationship to the litigation except as a nominal party, and thus his residency in Cook County was deemed to be of minimal significance. The need to apply Wisconsin law to the case was viewed by the court as a significant factor in the court's decision to remand the case with instructions to grant the defendant's motion to dismiss. The instant case differs in several aspects, the most important being that FELA law will apply regardless of the locus of the trial, the plaintiff is the injured party, not a representative, and his decisions are not subject to the supervision of a court in a sister State.

Our research has yielded a Missouri Supreme Court case, *Besse v. Missouri Pacific R.R. Co.* (Mo. 1986), 721 S.W.2d 740, in which the sole connections of the litigation with the circuit court of the City of St. Louis were the location of plaintiff's attorney's office and the defendant's principal place of business in that city. All other aspects of the case, plaintiff's residence, the site of the accident, and the locations of treating physicians, were Kansas-situated. The Missouri Supreme Court found: "A controlling circumstance is that the defendant railroad company was sued in the city in which its general headquarters was located ***. It is seldom impermissibly inconvenient to sue a defendant at that defendant's place of residence." (*Besse,* 721 S.W.2d at 743.) We agree with that assessment in regard to the competing factors in the instant case.

The private interest factors militate in favor of St. Clair County as the proper forum. Clearly, the plaintiff believes that site to be convenient for him. The fact that a verdict delivered by a St. Clair County jury might be more likely to adequately compensate him for his loss than a verdict rendered by a rural Missouri jury is a factor which he need not disregard in making a choice of forum, although it is one which we as a court may not consider. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 368, 456 N.E.2d 98, 102.) Plaintiff's counsel maintains an office in adjacent Madison County, as does plaintiff's treating chiropractor. Plaintiff's treating surgeon's office is

located in St. Louis, Missouri, closer to the circuit court of St. Clair County than to the proposed Missouri forum. Given that it is customary for physicians and surgeons to give evidence by deposition, either transcribed or videotaped, the locus of the doctors involved is not of paramount importance. However, should the plaintiff desire live testimony from his health care providers, the St. Clair County forum would arguably be more convenient.

The sources of proof, reports, and records which Gateway asserts are maintained in Mexico, Missouri, thus warranting transfer of the cause, are surely not ones which could not be easily accessed from St. Clair County. Assuming that all of the pertinent documentation is kept in Missouri, it is a simple matter, given modern technology, to duplicate that material and transmit it by mail or facsimile to the defendant's home office in St. Clair County.

Defendant asserts that the need for compulsory process to compel the appearance of witnesses militates in favor of the Missouri forum. Those witnesses who could testify about the accident itself or the investigation conducted by the employer are all employees of the defendant. It is unlikely that those employees would resist testifying on behalf of their employer should they be asked to do so, and Gateway itself could provide transportation on its railroad to the trial site. Furthermore, if the plaintiff is willing to run the risk that Gateway might chose not to call the employees, and that the potential witnesses would not be willing to travel to St. Clair County and testify on plaintiff's behalf, he is entitled to run that risk without paternalistic intervention by the court.

Although it is possible that a jury view of the accident site might be ordered, that possibility does not require transfer of this cause to Missouri. The accident occurred on August 28, 1990, more than three years ago. If the scene of the accident remains as it was on the date of the incident, demonstrative evidence and supporting testimony could no doubt convey this fact with adequate clarity. If the scene has been altered in some way, the same evidence would also establish that fact with sufficient force and precision to satisfy the needs of either plaintiff or defendant without the need for a jury view.

As discussed above, St. Clair County has a public interest in deciding local controversies and in not having the expense of jury trials and the responsibility of jury duty imposed upon the county unless the litigation is tied to the county in some meaningful way. Gateway is a resident of St. Clair County because its home office is located in that county. The financial interests of the defendant would logically be of concern to the residents of a county which counts the defendant as an

integral part of its tax base. Defendant's potential liability would therefore constitute a sufficiently local controversy to allow the circuit court of St. Clair County to require citizens of the county to serve as jurors.

Defendant cites 1989 caseload and trial delay statistics in support of its argument that the docket of St. Clair County is so overloaded and delay from initiation of a suit to disposition is so long that its *forum non conveniens* motion was erroneously denied. In 1989, 1,587 jury cases over $15,000 were pending at the end of the fiscal year. The average time lapse between filing and termination by verdict was 37.5 months. The 1991 statistics compiled by the Administrative Office of Illinois Courts reflect that only 1,502 jury cases over $15,000 were pending at the end of the fiscal year, a drop of 6.0%. The average time lapse between filing and termination by verdict dropped to 34.1 months, a drop of 9.09%. More recent statistics are unavailable, but the trend is clearly a downward one. Furthermore, Gateway failed to provide the trial court with statistics on docket load and disposition time for the Missouri court to which it sought transfer. Our supreme court noted in *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 502-03, 490 N.E.2d 694, 698, that courts should be extremely reluctant to dismiss a case because a forum's docket has a backlog. It went on to state that "this factor is entitled to almost no weight without evidence to show that the court calendar in another forum would resolve the dispute more expeditiously." (*Brummett,* 111 Ill. 2d at 503, 490 N.E.2d at 698.) The trial court was surely aware of the state of the docket in St. Clair County and thus was in a better position to assess the burdens on its docket than is a reviewing court. (*Peile,* 242 Ill. App. 3d at 511, 610 N.E.2d at 822, citing *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883.) Gateway's argument in regard to the overburdened docket of St. Clair County is therefore unpersuasive.

For the foregoing reasons, the circuit court's denial of defendant's motion to dismiss on grounds of *forum non conveniens* is affirmed.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.