JUSTICE KILBRIDE delivered the judgment of the court, with opinion. Justices Freeman, McMorrow and Fitzgerald concurred in the judgment and opinion. Justice Garman, joined by Chief Justice Thomas and Justice Karmeier, dissented. OPINION Plaintiff, Rita Langenhorst, as special administrator of the estate of Gerald Langenhorst, deceased, brought a wrongful-death action in the circuit court of St. Clair County against defendants, Norfolk Southern Railway Company (Norfolk), Jimmy Ellis, Samuel Baggett, and Keith Egmon. Plaintiff sought damages for the death of Gerald Langenhorst, resulting from a train-motor vehicle accident occurring in Clinton County. Defendants moved to transfer the action to Clinton County under the doctrine of forum non conveniens. The circuit court denied the motion and the appellate court initially entered an order denying defendants’ petition for leave to appeal. This court then entered a supervisory order directing the appellate court to vacate and reconsider its judgment in light of Dawdy v. Union Pacific R.R. Co., 207 Ill. 2d 167 (2003), and First American Bank v. Guerine, 198 Ill. 2d 511 (2002). Upon reconsideration, the appellate court affirmed the circuit court’s denial of defendants’ motion to transfer. 354 Ill. App. 3d 1103. We allowed defendants’ petition for leave to appeal (177 Ill. 2d R. 315). We also allowed the Illinois Trial Lawyers Association leave to file a brief as amicus curiae in support of plaintiff. 155 Ill. 2d R. 345(a). We now affirm. I. BACKGROUND On July 27, 2001, Gerald Langenhorst, a lifetime resident of Germantown, Clinton County, died from injuries he sustained when he was ejected from his pickup truck after being struck by a Norfolk train. The accident occurred at a railroad crossing on the Langenhorst farm, located in Clinton County near the St. Clair County line, a few miles west of Germantown, Clinton County. Norfolk is a foreign corporation domiciled in Virginia, whose Illinois registered agent for service is located in Belleville, St. Clair County. Defendant Samuel Baggett, a resident of Patoka, Indiana, was employed by Norfolk as the conductor of the train at the time of the accident. Patoka is approximately 146 miles from Belle-ville and 129 miles from Carlyle, Clinton County. Defendant Keith Egmon, a resident of Hazelton, Indiana, and a Norfolk employee, was the train’s engineer at the time of the accident. Hazelton is approximately 10 miles north of Patoka. Defendant Jimmy Ellis, a resident of Decatur, Macon County, was Norfolk’s division engineer, responsible for maintenance and safety of the railroad crossing. Decatur is approximately 117 miles from Belleville and 100 miles from Carlyle. Gerald was transported by New Baden, Clinton County, ambulance to St. Joseph’s Hospital in Breese, Clinton County, approximately five miles north of Germantown. The doctors who treated Gerald at St. Joseph’s Hospital are not residents of Clinton County. Dr. Keith Thomas resides in Madison County, and Dr. David Sorge resides in St. Clair County. According to defendant, fire departments from neighboring Germantown and Albers in Clinton County responded to the accident. Defendant also claims that ambulances from Albers and Breese were present at the scene of the accident, but it does not appear from the record that those ambulance services transported anyone from the accident scene. Gerald’s wrecked vehicle was transported to Bobke Auto Body in Germantown following the accident. Clinton County Sheriffs Deputy C. Becherer investigated and prepared an accident report. The record indicates he took no photographs or videotape of the accident scene. St. Joseph’s Hospital was not equipped to treat Gerald’s neurological injuries and he was transported by Arch Air Medical Service of St. Louis, Missouri, to St. Louis University Hospital in St. Louis, Missouri. St. Louis is approximately 40 miles west of Breese and 15 miles west of Belleville. Gerald died shortly after arriving at St. Louis University Hospital. Dr. Raj Nanduri, a pathologist with the St. Louis city medical examiner in St. Louis, Missouri, performed an autopsy on Gerald’s body and reported his cause of death as thoracic blunt trauma injuries suffered in the accident. Plaintiff hired Mark Heffernan, a resident of St. Clair County, to investigate the accident. On August 18 and September 16, 2001, Heffernan took extensive photographs of the railroad crossing where the accident occurred. Heffernan also videotaped the railroad crossing and prepared diagrams of the scene. All items relating to Heffernan’s investigation are located in St. Clair County. Don Richardson of the Illinois Commerce Commission Transportation Division/Rail Safety Section in Springfield, Illinois, belatedly learned of this fatal accident, and on September 13, 2001, he conducted an inspection of the railroad crossing. Richardson observed a cornfield within 28 feet of the railroad, and weeds and brush appearing to have been recently cut to 280 feet of the crossing. Richardson noted additional cutting was needed to bring the crossing into compliance with the Illinois Administrative Code. Richardson also found the crossbuck in the northwest quadrant of the crossing had lost most of its reflective material on the back, needed to be replaced, and was not in compliance with the Illinois Administrative Code. Richardson’s written report indicated Norfolk was contacted about its failure to report the accident and the need to replace the crossbuck and to cut additional brush on the railroad right-of-way. Richardson made his written report to Michael Stead, Rail Safety Program Administrator in Springfield, on September 24, 2001. On that same date, Stead notified defendant Ellis, Norfolk’s division engineer, of the inspection and informed him that the crossing was not in compliance with the Administrative Code. Stead informed Ellis that the crossbuck needed to be replaced “as soon as possible” and that weeds and brush needed to be cut to bring the crossing into compliance with the Administrative Code, “which requires the railroad right of way to be kept reasonably clear of brush, shrubbery, trees, weeds, crops, etc. for a distance of 500 feet each way from the crossing.” 92 Adm. Code §§ 1535.300, 1535.205 (2003). Stead advised Ellis to notify his office in writing when the corrective action had been taken to bring the crossing into compliance. The letter further advised Ellis to contact its railroad safety specialist, Bob Berry, with any questions. Gerald’s widow, Rita Langenhorst, a resident of Germantown, Clinton County, as special administrator of Gerald’s estate, hired an attorney from Belleville, St. Clair County, to represent her in this action. On October 22, 2001, Rita’s attorney filed this wrongful-death action on her behalf in Belleville, St. Clair County. Belleville is located approximately 26 miles west of Germantown. Following service on Norfolk’s Belleville, St. Clair County, Illinois, registered agent for service, Norfolk, on behalf of itself and its employees, hired attorneys in Belleville, St. Clair County, to defend this action. On January 25, 2002, defendants filed a motion to transfer this action to Clinton County based on the doctrine of forum non conveniens. The Clinton County courthouse is located in Carlyle, approximately 12 miles east of Germantown, and 36 miles east of Belleville. The individual defendants each filed identical affidavits stating, “It would not be inconvenient for me to appear in Clinton County, Illinois for the trial of this case.” The affidavits did not indicate these defendants would be inconvenienced by appearing at a trial in St. Clair County. Defendants also supported their motion to transfer with plaintiffs answers to interrogatories that list several neighbors who were at the scene of the accident. On June 12, 2002, the circuit court of St. Clair County held a hearing on defendants’ motion to transfer. Defense counsel argued that all of the forum non conveniens factors favored transfer to Clinton County. Citing to a law review article, defendants argued that only one factor seems to matter—the place of the occurrence—and that this case has no practical connection to St. Clair County because the decedent and his wife were from Clinton County, the accident occurred in Clinton County, and the witnesses listed in defendants’ discovery are from Clinton County. Defense counsel also cited court statistics, both in numbers of cases and in timely docket dispositions as factors favoring transfer to Clinton County. During the hearing, the circuit court judge commented on the St. Clair County court’s docket congestion: “[T]he idea that anybody thinking they can get to trial and have a trial quicker in another county than St. Clair County just isn’t true *** hardly anybody goes to trial to verdict. I think I’ve had three verdicts all year *** you can get to trial any time you want to. You want to try a case in St. Clair County, I’m telling you I’ll try it. It doesn’t matter whose docket, you just can, and you can get to trial in St. Clair County as quickly as you can in any other county.” Plaintiff’s counsel argued that the scene of the ac- cident has changed since the date of the accident. The only legitimate accident site evidence that would have existed at the time of the occurrence is located in his office in St. Clair County, evidence generated by plaintiffs investigator, who resides in St. Clair County. Plaintiffs counsel also argued that the railroad’s registered agent is located in St. Clair County, that all the lawyers in the case are located in St. Clair County, that all medical evidence is located in both Clinton County and St. Louis, Missouri, and that the St. Louis witnesses are more conveniently located to St. Clair County. Plaintiff’s counsel stated it would be more convenient to try the case in St. Clair County. Plaintiffs counsel also pointed out that the witnesses listed by defendants do not have anything significant to testify to and, regardless, a nine-mile distance is not going to inconvenience them. According to plaintiffs counsel, “[Defendants] file[d] affidavits from two of their employees who are residents of Indiana, suggesting to the court with their affidavits is [sic] that Clinton County is not an inconvenience to them; well, guess what, that’s not the test. The test is whether St. Clair County is an inconvenience to them. Presumably, they were unwilling to sign an affidavit which suggested that a trip from Indiana to Belleville versus a trip from Indiana to Carlyle would in some fashion be more inconvenient.” Plaintiffs counsel argued that defendants want the case transferred to Clinton County because they thought the verdict would be smaller there, and acknowledged wanting the case to remain in St. Clair County because he believed the verdict would be larger there. According to plaintiffs counsel, defendant has not shown that St. Clair County is inconvenient. Defense counsel countered there was not one factor connecting the case to St. Clair County. He contended the locations of Gerald’s St. Louis doctors and Norfolk’s registered agent were insignificant factors. Following arguments, the circuit court judge stated that the factors did not strongly favor transfer and denied defendants’ motion to transfer based on forum non conveniens. On June 12, 2002, the circuit court of St. Clair County entered a written order denying defendants’ motion to transfer based on the doctrine of forum non conveniens. On August 21, 2002, the appellate court denied defendants’ petition to appeal pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)). On October 7, 2003, this court denied defendants’ petition for leave to appeal and issued a supervisory order directing the appellate court to vacate its judgment and to reconsider its judgment in light of Dawdy v. Union Pacific R.R. Co., 207 Ill. 2d 167 (2003), and First American Bank v. Guerine, 198 Ill. 2d 511 (2002). See Langenhorst v. Norfolk Southern Ry. Co., 205 Ill. 2d 586 (2003) (table). Upon reconsideration, the appellate court affirmed the circuit court’s denial of defendants’ motion to transfer. 354 Ill. App. 3d 1103. After reviewing Guerine and Dawdy, the appellate court examined the public and private interest factors and held that the circuit court of St. Clair County did not abuse its discretion in denying defendants’ forum non conveniens motion. 354 Ill. App. 3d at 1122. The appellate court reasoned that a trial in the St. Clair County courthouse, blocks away from the parties’ attorneys’ offices, would tend to make trial easier, more expeditious, and less expensive for the clients. 354 Ill. App. 3d at 1116-17. The appellate court also reasoned that even though Norfolk could be considered a resident of St. Clair County by virtue of doing business in that county, transfer to Clinton County would not find the litigation in the resident county of any of the other defendants. 354 Ill. App. 3d at 1117. The appellate court also examined witness convenience and determined that any inconvenience the plaintiff’s chosen forum presents is minuscule. 354 Ill. App. 3d at 1117-18. It noted that the parties expected the plaintiff’s investigator to give extensive testimony about his investigation of the accident scene immediately after the crash. 354 Ill. App. 3d at 1119. Due to changes in the railroad crossing, the appellate court concluded a jury view of the crossing would be inappropriate, and even if a jury view were appropriate, the accident occurred so close to the St. Clair County border that travel to the accident scene would offer little inconvenience or expense. 354 Ill. App. 3d at 1119-20. Further, the appellate court reasoned, none of the doctors reside in Clinton County. 354 Ill. App. 3d at 1120. The appellate court determined that there was a 1% difference in disposing of major civil cases between St. Clair and Clinton Counties, and that it did not raise a concern over St. Clair County court congestion. 354 Ill. App. 3d at 1121. It was noted that the Norfolk line passing through the Langenhorst farm also bisects all of St. Clair County with crossings similar to the accident site, and the appellate court concluded that the local public interest was not limited to Clinton County residents. 354 Ill. App. 3d at 1122. Accordingly, the appellate court determined that it would not burden St. Clair County residents to serve on a jury that will decide the issues raised by this railroad accident case. 354 Ill. App. 3d at 1122. Thus, the appellate court held that the circuit court of St. Clair County did not abuse its discretion in deciding that the convenience factors do not strongly favor a transfer to Clinton County. 354 Ill. App. 3d at 1122. We allowed defendants’ petition for leave to appeal (177 Ill. 2d R. 315). We allowed the Illinois Trial Lawyers Association leave to file a brief as amicus curiae in support of plaintiff. 155 Ill. 2d R. 345(a). II. ANALYSIS The venue statute, section 2—101 of the Code of Civil Procedure, provides: “[E]very action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.” (Emphasis added.) 735 ILCS 5/2—101 (West 2000). This court has recognized that “[t]he Illinois venue statute is designed to insure that the action will be brought either in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose.” Baltimore & Ohio R.R. Co. v. Mosele, 67 Ill. 2d 321, 328 (1977), citing E. Sunder-land, Observations on the Illinois Civil Practice Act, 28 Ill. L. Rev. 861 (1934). Despite conceding that St. Clair County is a proper venue, defendants assert that the doctrine of forum non conveniens requires transfer because St. Clair County has “no practical connection” to the parties and the location of the accident. A forum non conveniens motion “causes a court to look beyond the criterion of venue when it considers the relative convenience of a forum.” Bland v. Norfolk & Western Ry. Co., 116 Ill. 2d 217, 226 (1987). The fact that a defendant conducts business within the county is not the only factor the court should consider in its analysis. Vinson v. Allstate, 144 Ill. 2d 306, 311 (1991). Forum non conveniens is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice. Vinson, 144 Ill. 2d at 310. This doctrine allows a trial court to decline jurisdiction when trial in another forum “would better serve the ends of justice.” Vinson, 144 Ill. 2d at 310. A trial court is afforded considerable discretion in ruling on a forum non conveniens motion. Peile v. Skelgas, Inc., 163 Ill. 2d at 336; Dawdy, 207 Ill. 2d at 176 (“[t]he determination of a forum non conveniens motion lies within the sound discretion of the trial court”). We will reverse the circuit court’s decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors. Dawdy, 207 Ill. 2d at 176-77. A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court. Dawdy, 207 Ill. 2d at 177. This court has repeatedly noted that the forum non conveniens doctrine gives courts discretionary power that should be exercised only in exceptional circumstances when the interests of justice require a trial in a more convenient forum. Guerine, 198 Ill. 2d at 520; Peile, 163 Ill. 2d at 335-36; Torres v. Walsh, 98 Ill. 2d 338, 346 (1983), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947). See also Dawdy, 207 Ill. 2d at 176 (“ ‘[t]he test *** is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant’ ” (emphasis added)), quoting Griffith v. Mitsubishi Aircraft International, Inc., 136 Ill. 2d 101, 108 (1990). “The plaintiff has a substantial interest in choosing the forum where his rights will be vindicated, and the plaintiff’s forum choice should rarely be disturbed unless the other factors strongly favor transfer.” Guerine, 198 Ill. 2d at 517, citing Griffith, 136 Ill. 2d at 106; Jones v. Searle Laboratories, 93 Ill. 2d 366, 372-73 (1982); Gulf Oil, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843; Restatement (Second) of Conflict of Laws § 84, Comment c (1971) (“since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons”). However, the plaintiff’s interest in choosing the forum receives “somewhat less deference when neither the plaintiff’s residence nor the site of the accident or injury is located in the chosen forum.” Guerine, 198 Ill. 2d at 517. “ ‘In most instances, the plaintiff’s initial choice of forum will prevail, provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff’s substantial right to try the case in the chosen forum.’ ” (Emphasis added.) Guerine, 198 Ill. 2d at 520, quoting Peile, 163 Ill. 2d at 335-36. Although this is a difficult standard for defendants to meet, “it does not foreclose legitimate transfers when the balance of factors strongly favors litigation in another forum.” (Emphases added.) Guerine, 198 Ill. 2d at 521. In deciding a forum non conveniens motion, a court must consider all of the relevant factors, without emphasizing any one factor. Dowdy, 207 Ill. 2d at 175-76 (collecting cases). Each forum non conveniens case must be considered as unique on its facts. Satkowiak v. Chesapeake & Ohio Ry. Co., 106 Ill. 2d 224, 228 (1985); see Moore v. Chicago & North Western Transportation Co., 99 Ill. 2d 73, 83 (1983) (“all factors essential to the trial of a particular case must be balanced in determining whether to dismiss an action on forum non conveniens grounds”); Darnell v. Ralph Korte Equipment Co., 144 Ill. App. 3d 564, 566 (1986). In Guerine, 198 Ill. 2d 511, we restated the private and public interest factors to be considered in applying the doctrine of forum non conveniens. “[PJrivate interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive ***.” Guerine, 198 Ill. 2d at 516. Public interest factors include (1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets. Guerine, 198 Ill. 2d at 516-17. These factors are relevant considerations for both interstate and intrastate forum non conveniens analysis. Guerine, 198 Ill. 2d at 517. The burden is on the defendant to show that relevant private and public interest factors “strongly favor” the defendant’s choice of forum to warrant disturbing plaintiff’s choice. Griffith, 136 Ill. 2d at 107. The private interest factors are not weighed against the public interest factors; rather, the trial court must evaluate the total circumstances of the case in determining whether the defendant has proven that the balance of factors strongly favors transfer. Guerine, 198 Ill. 2d at 518. The defendant must show that the plaintiffs chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties. Guerine, 198 Ill. 2d at 518. However, the defendant cannot assert that the plaintiffs chosen forum is inconvenient to the plaintiff. Guerine, 198 Ill. 2d at 518. Unless the balance of factors strongly favor a defendant’s choice of forum, the plaintiffs choice of forum should rarely be disturbed. Gulf Oil, 330 U.S. at 507-08, 91 L. Ed. at 1062, 67 S. Ct. at 842-43. In Guerine, a Kane County resident was killed in an accident in De Kalb County. A lawsuit was filed in Cook County. One of the defendants was a Cook County resident, and the other defendant resided in Indiana, but would have to drive through Cook County to trial in either Kane or De Kalb County. The potential witnesses were scattered among several counties in the same area of the state, including Kane and De Kalb Counties. Several witnesses filed affidavits stating that they would be willing to travel to Cook County for trial. There was nothing in the record to indicate that a jury view of the accident site would be necessary. We evaluated the continued vitality of the intrastate forum non conveniens doctrine in Guerine and reaffirmed the doctrine as Illinois law. Guerine, 198 Ill. 2d at 514. In determining that the trial court abused its discretion in granting the defendants’ motion to transfer venue from Cook County to De Kalb County, we noted that both Cook County and De Kalb County had significant ties to the case and that potential witnesses were scattered among several counties, including the plaintiff’s chosen forum. Guerine, 198 Ill. 2d at 525-26. This court again had the opportunity to review the doctrine of intrastate forum non conveniens in Dawdy, 207 Ill. 2d 167. In Dawdy, the plaintiff, a Green County resident, was injured in an accident involving a truck driven by a Union Pacific employee in Macoupin County. Plaintiff filed suit in Madison County and defendants filed a motion to transfer the cause from Madison County to adjacent Macoupin County under the doctrine of intrastate forum non conveniens. Union Pacific is a foreign corporation doing business in Macoupin County, and its employee driver was a resident of Macoupin County. Most of the witnesses resided in or near Macoupin County, and none of them resided in Madison County. In applying the forum non conveniens factors, the Dawdy majority concluded that the circuit court abused its discretion in denying defendants’ motion to transfer the cause to Macoupin County. Dawdy, 207 Ill. 2d at 177. The Dawdy court first examined the private interest factor of relative ease of access to evidence and determined that because the location of the accident was in Macoupin County and the identified witnesses were, on a whole, closer to Macoupin County than Madison County, the private interest factors “slightly” weighed in favor of Macoupin County. Dawdy, 207 Ill. 2d at 178. The court also recognized that the possibility of having a jury view the scene of the accident could be accomplished more expeditiously if the case were tried in Macoupin County. Dawdy, 207 Ill. 2d at 179. The fact that the plaintiffs attorneys maintained an office in Madison County and defendants’ attorneys were located a short distance away in St. Clair County was accorded little weight. Dawdy, 207 Ill. 2d at 179. The court rejected plaintiffs contention that trial in an adjacent county was conclusively not inconvenient for a defendant and emphasized that “no single forum non conveniens factor should be accorded central emphasis or conclusive effect.” Dawdy, 207 Ill. 2d at 180, citing Jones, 93 Ill. 2d at 373. The Dawdy court concluded that, on a whole, the private interest factors favored the convenience of Macoupin County over Madison County. Dawdy, 207 Ill. 2d at 180. The Dawdy court then determined that the public interest factors strongly weighed against Madison County. Dawdy, 207 Ill. 2d at 180-81. Although the court recognized that court congestion was relatively insignificant, the crowded docket of Madison County was “ ‘of great concern.’ ” Dawdy, 207 Ill. 2d at 181, quoting Bland, 116 Ill. 2d at 230. Moreover, the fact that the accident occurred in Macoupin County gave that county a local interest in the action. Dawdy, 207 Ill. 2d at 183. The court further concluded that the residents of Madison County should not be burdened with jury duty because the action did not arise in and had no relation to Madison County. Dawdy, 207 Ill. 2d at 183. The Dawdy court distinguished Guerine on the basis that, in Dawdy, none of the witnesses resided in the plaintiffs chosen forum. Dawdy, 207 Ill. 2d at 184. The court acknowledged that deference to plaintiffs choice of Madison County was reduced because he did not reside there and the action did not arise there. Dawdy, 207 Ill. 2d at 184. Accordingly, the court held that the circuit court of Madison County abused its discretion in denying defendants’ motion to transfer venue to Macoupin County based on the doctrine of intrastate forum non conveniens. Dawdy, 207 Ill. 2d at 185. We now examine the current case under our existing doctrine of intrastate forum non conveniens. Defendants argue the circuit court of St. Clair County erred in denying its motion to transfer this cause of action to Clinton County based on the doctrine of forum non conveniens. Plaintiff argues that the potential witnesses in this case are scattered among several counties and two states. She also argues that defendants have failed to show that Clinton County’s connections to this litigation are predominate and that the balance of factors strongly favors transfer. In the instant case, like Guerine, both St. Clair County and Clinton County have significant ties to the case and the potential witnesses are scattered throughout several counties in the state, as well as Indiana and Missouri. Defendants argue, however, that the forum non conveniens factors overwhelmingly favor trial in Clinton County, rather than where the suit was filed, in adjoining St. Clair County. Defendants contend that private interests weigh in favor of Clinton County because most of the witnesses reside in Clinton County and will have to travel somewhat farther to a trial in St. Clair County. Defendants contend that public interest factors also weigh in favor of Clinton County because the accident occurred in Clinton County, the decedent resided in Clinton County, the decedent’s widow resides in Clinton County, and the St. Clair County court’s docket is congested. Defendants contend St. Clair County has no connection to this litigation. Defendants mischaracterize the facts. First, defendants ignore the fact that Norfolk, a foreign corporation, recognized St. Clair County as an appropriate forum by designating as its registered agent for service an individual residing in St. Clair County. Second, defendants ignore important witnesses located in Belleville, St. Clair County, St. Louis, Missouri, and Springfield, Sangamon County, Illinois. Finally, defendants have listed ambulance personnel, hospital personnel, firefighters, and auto body repair personnel from Clinton County as potential witnesses, but have not identified who these people are, where they live, or what, if any, relevant testimony they might provide. In weighing the private and public interest factors, we conclude that the total circumstances of this case do not strongly favor transfer to Clinton County. First, we recognize that “[i]t is assumed on a forum non conveniens motion that the plaintiffs chosen forum is a proper venue for the action.” Dawdy, 207 Ill. 2d at 182. Plaintiffs choice of forum is entitled to substantial deference. Guerine, 198 Ill. 2d at 521 (“the battle over forum begins with the plaintiffs choice already in the lead”). However, neither the plaintiffs residence nor the site of the accident is located in St. Clair County and, thus, plaintiffs choice of St. Clair County is entitled to somewhat less deference. Guerine, 198 Ill. 2d at 517; Dawdy, 207 Ill. 2d at 173-74. “ ‘[W]hile the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides *** nonetheless the deference to be accorded is only less, as opposed to none.’ ” (Emphases in original.) Guerine, 198 Ill. 2d at 518, quoting Elling v. State Farm Mutual Automobile Insurance Co., 291 Ill. App. 3d 311, 318 (1997). Defendants assert that trial in Clinton County would be more convenient to the plaintiff. However, “defendants cannot assert that the plaintiff’s chosen forum is inconvenient to the plaintiff.” Guerine, 198 Ill. 2d at 518. In weighing the private interest factors, we note that although the accident occurred in Clinton County, a view of the accident site is not appropriate. The record indicates that after Gerald’s death, the railroad crossing was substantially changed. The noncomplying crossbuck was replaced and growing crops, brush, and weeds were cut back several hundred feet in each direction. Thus, the preexisting conditions alleged to have caused the accident no longer exist and a jury view of the accident site as it existed on the occurrence date is not possible. On the other hand, plaintiffs investigator, who resides in St. Clair County, is the only witness who documented in photographs and videotape the crossing conditions at the time of the accident. That documentation is located in St. Clair County. Accordingly, defendants have failed to show that trial in Clinton County is favored because it is the county where the accident occurred. Even though the accident occurred in Clinton County, the only eyewitnesses to the accident reside in Indiana, and it appears the majority of relevant trial witnesses do not reside in Clinton County. Those witnesses include plaintiffs treating physicians from St. Louis, Madison County, and St. Clair County, the medical examiner from St. Louis, who conducted the autopsy, the plaintiffs investigator from St. Clair County, the Commerce Commission state rail safety program inspector and its administrator from Springfield, and the three individual defendants. Rather, most of the trial witnesses are disbursed among several counties, St. Louis, Missouri, and Indiana, and will be required to travel regardless of the place of trial. Defendants have therefore failed to show that trial in Clinton County would be more convenient than St. Clair County for most of the witnesses. Defendants’ assertion that this case has absolutely no connection to St. Clair County is factually inaccurate and misleading. Here, the record does not support defendants’ claim that the trial court did not properly consider or apply the relevant forum non conveniens factors. In this case, no affidavits have been filed stating that St. Clair County would be an inconvenient forum for any of the witnesses. In fact, the parties’ attorneys would be required to travel from their offices in St. Clair County to try this case in Clinton County. We acknowledge, however, that the location of the parties’ attorneys is accorded little weight in determining a forum non conveniens motion. Boner v. Peabody Coal Co., 142 Ill. 2d 523, 534 (1991). Not only have defendants not claimed any inconvenience whatsoever in trying this case in St. Clair County, defendants have not shown any impediments to accessing sources of testimonial, documentary, and real evidence. None of defendants’ arguments assert any real inconvenience to anyone or any practical problems militating against trying this case in St. Clair County. We reiterate that the defendant must show that the plaintiffs chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties. Guerine, 198 Ill. 2d at 518. We discern no inconvenience for the defendants to try this case in St. Clair County when Clinton and St. Clair Counties are adjacent, and travel distances for likely witnesses are minimally different. When adjoining counties are involved, “ ‘ “[t]he battle over the forum results in a battle over the minutiae.” ’ ” Guerine, 198 Ill. 2d at 519-20, quoting Peile, 163 Ill. 2d at 335, quoting Peile v. Skelgas, Inc., 242 Ill. App. 3d 500, 522 (1993) (Lewis, J., specially concurring). As this court noted in Guerine, “We live in a smaller world ***. Today, we are connected by interstate highways, bustling airways, telecommunications, and the world wide web. Today, convenience—the touchstone of the forum non conveniens doctrine—has a different meaning.” Guerine, 198 Ill. 2d at 525. In considering the public interest factors, Clinton County has an interest in deciding a controversy involving an accident that occurred in Clinton County. The facts, however, demonstrate that St. Clair County has a legitimate interest in deciding a local controversy involving one of its residents, Norfolk, a foreign corporation that has its registered agent for service located in its county. Norfolk railroad tracks traverse all of St. Clair County, with approximately eight trains per day passing the Langenhorst property in Clinton County and entering St. Clair County on the same railroad line. See 735 ILCS 5/2—102(a) (West 2000) (in the case of a foreign corporation, residence is defined as any county where the corporation has an office or is doing business). Even though St. Clair County residents will bear the burden of jury duty and trial expense, St. Clair County has as much interest in deciding a controversy involving one of its residents who operates trains in its county as does Clinton County. This is particularly true when, as here, the defendant railroad maintains similar rural crossings in St. Clair County and this same railway line bisects all of St. Clair County. Thus, defendants have failed to show that St. Clair County has no connection to this litigation. Transfer to Clinton County is also not required by the court docket of St. Clair County, particularly when one of the defendants is a “resident” of St. Clair County. See Guerine, 198 Ill. 2d at 525. Moreover, in ruling on defendants’ motion, the St. Clair County circuit court did not note any administrative problems in relation to its court docket or in its ability to try this case in an expeditious manner. Rather, it specifically noted that it would have no difficulty trying this case in a timely manner. When deciding forum non conveniens issues, the trial court is in the better position to assess the burdens on its own docket. Boner, 142 Ill. 2d at 538-39. “Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly.” Guerine, 198 Ill. 2d at 517, citing Brummett v. Wepfer Marine, Inc., 111 Ill. 2d 495, 503 (1986). Here, defendants have not shown that the case would be resolved more quickly in Clinton County than in St. Clair County. Simply stated, the record, including the trial court’s statement that court congestion in St. Clair County is not a concern, does not support defendants’ contention. Absent factors strongly favoring transfer, plaintiff’s substantial interest in choosing the forum where his or her rights will be vindicated should rarely be disturbed. See Guerine, 198 Ill. 2d at 517, citing Griffith, 136 Ill. 2d at 106; Jones, 93 Ill. 2d at 372-73; Gulf Oil, 330 U.S. at 508-09, 91 L. Ed. at 1062-63, 67 S. Ct. at 843; Restatement (Second) of Conflict of Laws § 84, Comment c (1971). As we have indicated, this standard does not foreclose legitimate transfers when the balance of factors strongly favors litigation in another forum. Guerine, 198 Ill. 2d at 521. With these principles in mind, we have evaluated the total circumstances of this case and conclude that the balance of private and public interest factors does not strongly favor Clinton County over St. Clair County. In this case, defendants have failed to meet their burden of showing, as they allege in their brief, that there is “no connection” to St. Clair County, that any of the defendants or witnesses would be inconvenienced by a trial in St. Clair County, that trial would be impractical in St. Clair County, or that it would be unfair to burden the citizens of St. Clair County with trial in this case. This is not a case of exceptional circumstances where the interests of justice require a trial in a more convenient forum. See Guerine, 198 Ill. 2d at 520; Peile, 163 Ill. 2d at 335-36; Torres, 98 Ill. 2d at 346. Nor is this a case where the trial court’s determination was irrational or lacking any support in the record. Defendants have failed to show that no reasonable person would take the view adopted by the trial court. We hold that the trial court did not abuse its discretion in denying an intrastate forum non conveniens motion to transfer the case to an adjacent county when, as here, most of the potential trial witnesses are scattered and no single county enjoys a predominant connection to the litigation. See Guerine, 198 Ill. 2d at 526. In fact, based on the location of the defendants and material witnesses, as well as the location of the evidence, St. Clair County would appear to be a more convenient forum for defendants as well as plaintiff. We acknowledge the dissent’s belief that today’s opinion is at odds with Dawdy. However, we find Dawdy distinguishable on three grounds. First, in Dawdy, none of the witnesses resided in the plaintiffs chosen forum. Second, in Dawdy, the possibility of a jury view of the accident scene was a practical consideration. Finally, in Dawdy, the defendant railroad was attempting to transfer the cause to the defendant employee’s county of residence. We emphasize that Dawdy did not overrule Guerine. Dawdy is not irreconcilable with Guerine, nor does it conflict with Guerine. Indeed, in Dawdy, this court expressly distinguished the circumstances presented from those presented in Guerine and noted that Guerine was based on the totality of the circumstances. Dawdy, 207 Ill. 2d at 183-84. We recognize that the dissent would prefer to replace “the convenience of the parties” as the “touchstone” of forum non conveniens analysis to focusing on “the more appropriate forum” based on “where the cause of action arose.” This shift is clearly not warranted and would result in obliteration of the venue statute. We reiterate that the standard of review on a forum non conveniens motion is abuse of discretion, and defendants must meet a high burden of showing that the “balance of factors strongly favors litigation in another forum” (emphasis added) (Guerine, 198 Ill. 2d at 521), and our holding is compelled under that standard. The dissent even concludes that “the convenience of the parties does not strongly favor one venue over the other.” 219 Ill. 2d at 469 (Garman, J., dissenting, joined by Thomas, C.J., and Karmeier, J.). The total circumstances of this case simply do not strongly favor transfer to Clinton County. Accordingly, we hold that the circuit court did not abuse its discretion in denying defendants’ motion to transfer this cause to Clinton County based on the doctrine of intrastate forum non conveniens. III. CONCLUSION For the foregoing reasons, we affirm the judgment of the appellate court. Affirmed.