SIXTH DIVISION
MARCH 31, 2011

No. 1-10-1996

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| TIM MATHER, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellant, | ) | |
| | ) | 09 D 10271 |
| and | ) | |
| | ) | |
| MARGARET ANN MATHER, | ) | Honorable |
| | ) | Marya Nega, |
| Respondent-Appellee. | ) | Judge Presiding. |

JUSTICE R. E. GORDON delivered the judgment of the court, with opinion.
JUSTICES CAHILL and McBRIDE concurred in the judgment and opinion.

### OPINION

The parties, Margaret and Tim Mather, were married in Du Page County on June 18, 1988. They resided in a home in Naperville in Du Page County until March 1, 2009, when Tim moved out and rented a two-bedroom apartment in Lisle, which is also in Du Page County. Tim still leases the Lisle apartment, which is approximately two miles from the family home. Two children were born to the parties, in 1993 and 1996, respectively.

On October 17, 2009, Tim leased a studio apartment in Chicago, where he works. On November 5, 2009, Tim filed a petition for dissolution of marriage in Cook County. He is not seeking custody of his two children, who reside in Du Page County. On January 25, 2010, Margaret moved to transfer the case to Du Page County pursuant to section 2-104 of the Illinos Code of Civil Procedure (735 ILCS 5/2-104 (West 2008)). After hearing the arguments of the

parties, the trial court granted Margaret's motion to transfer venue to Du Page County. On May 4, 2010, Margaret filed a motion to dismiss the petition pursuant to the doctrine of *forum non conveniens*. After hearing the arguments of the parties, the trial court granted Margaret's motion on June 22, 2010, finding that Du Page County is the more appropriate forum, and denied Tim's motion to reconsider on July 13, 2010. This interlocutory appeal followed. For the reasons discussed below, we cannot find that the trial court abused its discretion by granting Margaret's motion to dismiss on *forum non conveniens* grounds.

### BACKGROUND

The parties testified at the hearing on the motion to dismiss. Margaret testified that she lives in Du Page County, works as a part-time school teacher in Du Page, and that her friends, neighbors, doctors for her and her children, are all in Du Page County. She lives 22 minutes from the Du Page County courthouse in Wheaton, and it takes an hour and 45 minutes to arrive at the Daley Center in Chicago from her home. Margaret is responsible for preparing and driving the children to school each morning. The children also attend various activities in Du Page County.

Margaret's attorney represented that he had an office in Du Page County and did not charge for travel time. After the motion to dismiss for *forum non conveniens* was granted, Margaret's attorney indicated he would not be representing her in Du Page County. However, the trial court stated on Tim's motion to reconsider that the court "never considered who the respective lawyers were [or] what their billing rates were."

Margaret completed a co-parenting class in Du Page County because "Tim had informed [her] that to get divorced in Du Page County, [she] had to take this class and [she] did."

No. 1-10-1996

Margaret claims she did not know of Tim's Chicago apartment until the day before the hearing on the venue motion. Margaret claims that all of the parties' marital property and all the potential witnesses are in Du Page County. The couple maintained a joint bank account at Chase Bank and Margaret uses a branch near her house in Du Page County. Margaret testified that Du Page County presented a more convenient forum in which to litigate this matter.

Tim testified that he uses his two-bedroom apartment in Lisle to exercise parenting time with his children, ages 16 and 13. He is currently seeking visitation only every other weekend and alternating holidays. In addition, he may seek some additional time in the summer. Tim is the primary breadwinner in the family. He is employed as the managing principal chief technology officer for PMA Consultants, a company based in Detroit, Michigan, but Tim's office is located at 333 West Wacker Drive in Chicago. Tim currently resides at 1140 North LaSalle Street in Chicago. Tim travels extensively – during 2009, he traveled in excess of 75,000 miles. He banks at Chase Bank and works from 7 a.m. to 6 p.m., five days a week. Tim testified that it would be a hardship for him to travel to Du Page County to litigate, because he would not be compensated for his travel time which would cause him economic harm and productivity.

Tim testified that the parties have retained lawyers in Chicago[1] and the costs of the litigation would be more for the lawyers to travel to Du Page County. Since moving out of the marital residence, Tim has his mail delivered to his apartment in Lisle. He maintains his vehicle registration at the Lisle address, and his 2009 federal W-2 tax form stated that he resided at the

[1] However, Margaret's Cook County attorney was replaced by a Du Page County attorney, after the *forum non conveniens* motion was granted.

3

Lisle address.

Prior to the filing of his petition for dissolution, the parties worked with a Du Page County based mediator in an attempt to resolve their differences, and Tim requested that he be billed at the Lisle address. Tim claims that it would be inconvenient for him to attend court in Du Page County and that Margaret would not experience any "negative financial impact" if she were required to travel to Cook County for court appearances.

In the trial court's decision, the court explained:

"The parties lived in Du Page when they were married. The marital residence is in Du Page. The children live in Du Page. Mother still lives in Du Page. It's true the father no longer – has testified previously and I still believe it's true that his primary residence is on LaSalle Street here in Chicago and he maintains for convenient purposes only like a drop-off apartment where he meets with his kids when he has visitation to make it more convenient to have that visitation.

Father's employer has an office here in Chicago, has its main offices in another state. The fact of the matter is I don't know if custody is an issue or not. There is no way for this court to know it, but the facts are very clear that everything involved in this case has a site in Du Page County except for the fact that father has moved to LaSalle Street in Chicago, Illinois.

So, I believe counsel has met the standard required by law and by statute and I'm granting the motion for the *forum non conveniens*."

In denying Tim's motion for reconsideration, the trial court added:

"In considering the factors in deciding whether or not a *forum non conveniens motion* should be granted, I looked at the fact that the marriage was in Du Page, the children are in Du Page, the house – the marital house is in Du Page, all the children's doctors, records, anything involved in a custody dispute would be situated in Du Page. And I balance that against the fact that the husband actually – well, he maintains a temporary residence for visitation with the kids in Du Page but truly his place of residence is on LaSalle Street here in Chicago on North LaSalle Street. That was the one factor in father's favor for Cook County and the other factor that he works in Cook County and the business records are to be found here.

And in weighing those various factors in considering, the court ruled that the motion should be granted because I think the factors in Du Page are greater and more numerous and I think they outweigh the limited factor which is that the father lived here in Chicago, Illinois.

So having said that with all due respect, I never considered who the respective lawyers were, what their billing rates were. I'm not interested in that."

After the trial court granted Margaret's motion to dismiss for *forum non conveniens*, Tim was granted leave to appeal the trial court's ruling pursuant to Illinois Supreme Court Rule 306 (eff. Sept. 1, 2006), and this appeal followed.

No. 1-10-1996

ANALYSIS

As a preliminary matter, Tim claims in the last paragraph of his opening brief that Margaret failed to comply with Illinois Supreme Court Rule 187(a) (eff. Aug. 1, 1986), which requires the filing of a *forum non conveniens* motion within 90 days of the last day allowed for the filing of that party's answer. However, Tim did not make any such argument or claim to the trial court. As a result, that argument is forfeited. *DeSaga v. West Bend Mutual Insurance Co.*, 391 Ill. App. 3d 1062, 1069 (2009) ("an argument not made in the trial court is generally waived or forfeited on appeal").

*Forum Non Conveniens* Doctrine

*Forum non conveniens* is an "equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). This doctrine permits a trial court to transfer a case when "trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)); *Gridley*, 217 Ill. 2d at 169.

The burden is on the party asking for the dismissal to show that the relevant factors "strongly favor" transfer. (Internal quotation marks omitted).*Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 656 (2009) (quoting *Langenhorst*, 219 Ill. 2d at 443, quoting *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 107 (1990)); *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 833 (2006) (in a product liability case where the vehicle accident was in Australia with an Australian plaintiff, the burden was on defendant to show factors strongly

6

favoring transfer to Australia); *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723 (2005) (in a product liability case where an airplane crash was in the Philippines with Philippine decedents, the burden was on defendant to show factors strongly favoring transfer to the Philippines).

"A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441. An appellate court will reverse a circuit court's decision on *forum non conveniens* only if the "defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169; *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003). The Illinois Supreme Court has stated: "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442; *Gridley*, 217 Ill. 2d at 169; *Dawdy*, 207 Ill. 2d at 177.

The issue then is, not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would act. We find, in the case at bar, that a reasonable person could certainly have taken the view adopted by the trial court.

Petitioner's Choice of Forum

Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum. *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference, before weighing the relevant factors).

In the case at bar, the trial court reasonably accorded some deference to petitioner's choice of forum. Normally, the plaintiff's choice of forum is a "substantial" factor in deciding a

7

*forum non conveniens* motion. *Dawdy*, 207 Ill. 2d at 173; *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106 (1990). However, the Illinois Supreme Court has stated that where the plaintiff chooses a forum other than where she resides, her choice "is not entitled to the same weight" as the choice of her home forum. *Dawdy*, 207 Ill. 2d at 173; Gridley, 217 Ill. 2d at 170; *Vivas*, 392 Ill. App. 3d at 657.

In the case at bar, Tim maintains a two-bedroom apartment in Du Page County and a studio apartment in Chicago. He claims that his primary residence is in Chicago; however, it became his primary residence only 19 days before he filed his lawsuit for dissolution of his marriage. Up to that point in time and throughout his marriage, Du Page County was his primary residence throughout his marriage and separation. As a result, the trial court gave Tim's selection less deference.

However, less deference is not the same as no deference. *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002) (" 'the deference to be accorded is only *less*, as opposed to *none*' "); *Vivas*, 392 Ill. App. 3d at 657; *Ellis v. AAR Parts Trading, Inc.*, 357 Ill. App. 3d 723, 741 (2005) (less deference "does not equal no deference"). See also *Langenhorst*, 219 Ill. 2d at 448. Although plaintiff's choice of a forum was not a foreign forum, it had been his primary residence for only 19 days. Thus, in the case at bar, the trial court reasonably accorded some deference to plaintiff's choice of forum.

Private Interest Factors

The Illinois Supreme Court has held that a court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at

443; *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 172. The private interest factors include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 172; *Vivas*, 392 Ill. App. 3d at 658. "A defendant seeking transfer is not required to show that the plaintiff's choice of forum is inconvenient; rather, transfer is allowed where defendant's choice is the substantially more appropriate forum." *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 508 (2003). If, after considering the totality of the circumstances, defendant proves that the balance of circumstances strongly favors transfer, its motion should be granted. *Guerine*, 198 Ill. 2d at 519.

First, the convenience of the parties weighs in favor of transfer to Du Page County. With respect to this factor, "the defendant must show that the plaintiff's chosen forum is inconvenient to the defendant." *Langenhorst*, 219 Ill. 2d at 450. Margaret did show that Tim's chosen forum is inconvenient to her. Margaret lives in Du Page County with her children and prepares and takes them to school in Du Page County and to their every day activities in Du Page County while working part-time as a school teacher in Du Page County. Margaret's and the children's medical providers are located in Du Page County, as are Margaret's friends and the friends of her children.

When the parties are required to attend court hearings in Du Page County, Tim can reside in his Du Page County apartment, be in court the following morning, and return to work in Cook County after the hearing. Margaret would still be able to prepare and transport the children for school in the morning and transport the children to their activities after school.

9

If the case proceeded to court appearances in Cook County, the preparation and transportation of the children would not be accomplished under the same timetable or with the same regularity, access and ease, if at all. Fundamentally, Du Page County is the more convenient forum for Margaret and the parties' children. Further, Tim's inconvenience to litigation in Du Page County would be substantially less than Margaret and the children should Cook County be the forum.

Second, the relative ease of access to sources of testimonial, documentary and real evidence weighs in favor of transfer to Du Page County. Although the record is not clear concerning custody and visitation, if either of those issues are contested all of the witnesses would be people who work in Du Page County. The medical providers, school personnel, neighbors, and friends of the parties appear to be Du Page County residents or people who work in Du Page County. The documentary and real evidence does not appear to be located in Cook County, except for the business records of Tim's employer, which has its home office in another state. As for the compulsory process of unwilling witnesses and the cost of obtaining the attendance of willing witnesses, these factors strongly favor transfer to Du Page County because, as noted, those people either work or live in Du Page County except for the keeper of Tim's business records. Nonetheless, the location of documents and records has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines, and world-wide delivery services, since they can now be easily copied and sent. *Woodward*, 368 Ill. App. 3d at 834.

Lastly, the court must consider all the other " 'practical problems that make trial of a case

10

easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516). Both petitioner's and respondent's attorneys maintained offices in Cook County at the time of the hearing on the motion. The Illinois Supreme Court has stated that, while little weight should be accorded this factor, a court may still consider it in the *forum non conveniens* analysis. *Dawdy*, 207 Ill. 2d at 179; *Vivas*, 392 Ill. App. 3d at 660; *Woodward*, 368 Ill. App. 3d at 835.

After the motion to dismiss for *forum non conveniens* was granted, Margaret's Cook County attorney was replaced by a Du Page County attorney. Although the trial court did not consider this factor, its weight would be minimal, but it would be in favor of Tim, because he would have to pay his Chicago attorney substantially more money to go to Du Page County. However, since Tim can afford to maintain a two-bedroom apartment in Lisle as well as an apartment in Chicago, it is hard to find that the travel to Du Page County would be a financial burden.

In sum, we cannot find that the trial court abused its discretion in weighing the private interest factors in favor of transfer.

Public Interest Factors

When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 173; *Vivas*, 392 Ill. App.

No. 1-10-1996

3d at 660.

First, the public interest factor of deciding locally marital controversies favors transfer. In domestic relations cases where the marriage occurred in the same county that the marital home was located and the children resided, there is a strong tie to that county. Here, the parties were married in Du Page County, they both lived in Du Page County until 19 days before Tim filed for dissolution, when he rented a second apartment in Cook County. The children live in Du Page County, they go to school in Du Page County, and their mother works and lives in Du Page County. Those factors provide strong ties to that county.

Second, the unfairness of imposing trial expenses and the burden of jury duty on residents of a forum that has little connection to the litigation favors transfer. Although this is not a jury matter, Cook County has such a minimal tie to this case that it could be considered unfair to impose the expense of a trial on its citizens only because Tim leased a Chicago apartment 19 days before he filed his action for dissolution. However, ordinarily "the unfairness of imposing trial expense is really not a consideration when the two county court locations are only 32 miles apart." *Shirley v. Kumar*, 404 Ill. App. 3d 106, 112 (2010). Until 19 days before the filing of the action, Tim did not reside in Cook County. However, he did work here and therefore had some ties to Cook County.

Third, comparative congestion in the respective courts is not a factor in the issue before us. Margaret offered no evidence that there is less congestion in Du Page County courts. *Woodward*, 368 Ill. App. 3d at 836 (this factor received little weight where defendants "offered no evidence" of less court congestion in their proposed forum). *Berbig v. Sears Roebuck & Co.,*

12

378 Ill. App. 3d 185, 189 (2007) ("court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly"). In addition, our supreme court has held that "[w]hen deciding *forum non conveniens* issues, the trial court is in the better position to assess the burdens on its own docket." *Langenhorst*, 219 Ill. 2d at 451. Thus, we cannot find that the trial court abused its discretion in giving this factor little or no weight.

In sum, the trial court did not abuse its discretion when it found that the public interest factors favored a transfer to Du Page County, the respondent's requested forum.

### Balancing the Factors

In deciding a *forum non conveniens* motion, the trial court "must balance the private and public interest[] factors." *Dawdy*, 207 Ill. 2d at 172; *Gridley*, 217 Ill. 2d at 169-70; *Vivas*, 392 Ill. App. 3d at 663. The balancing should be done "without emphasizing any one factor." *Langenhorst*, 219 Ill. 2d at 443; *Gridley*, 217 Ill. 2d at 169; *Dawdy*, 207 Ill. 2d at 180. "On review, the trial court's decision will be reversed only if *** the court abused its discretion in balancing the relevant factors." *Dawdy*, 207 Ill. 2d at 176-77; *Griffith*, 136 Ill. 2d at 106.

In the case at bar, we find that the trial court did not abuse its discretion in balancing the relevant factors. First, Tim's choice of forum merited some deference, although he resides in both counties. Second, the private and public interest factors weighed strongly in favor of transfer. *Langenhorst*, 219 Ill. 2d at 433; *Vivas*, 392 Ill. App. 3d at 663.

### CONCLUSION

For the foregoing reasons, we affirm the trial court's order granting respondent's motion

No. 1-10-1996

to dismiss on *forum non conveniens* grounds. We find that the trial court did not abuse its discretion in finding that Du Page County was the more convenient forum.

     Affirmed.