NOTICE
Decision filed 12/10/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240916

NO. 5-24-0916

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ALEXIA RICHARDSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-LA-745 |
| | ) | |
| KAREEM D. HUSAIN, M.D.; CHRISTOPHER | ) | |
| ALDRIDGE, M.D.; FAIRVIEW HEIGHTS MEDICAL | ) | |
| GROUP, S.C.; ALTON MEMORIAL | ) | |
| HOSPITAL, a Corporation; SALVADOR | ) | |
| LOBIANCO, M.D.; KAYCEE EYERS; and | ) | |
| MIDWEST ACUTECARE CONSULTANTS, a | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Kareem D. Husain, M.D.; Christopher Aldridge, M.D.; | ) | |
| Fairview Heights Medical Group, S.C.; Alton Memorial | ) | Honorable |
| Hospital, a Corporation; Salvador Lobianco, M.D.; and | ) | Andrew J. Gleeson, |
| Kaycee Eyers, Defendants-Appellants). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justice McHaney concurred in the judgment and opinion.
Justice Sholar specially concurred, with opinion.

**OPINION**

¶ 1     The defendants (appellants)—Kareem Husain, M.D. (Husain), Christopher Aldridge, M.D. (Aldridge), Fairview Heights Medical Group, S.C. (FHMG), Alton Memorial Hospital, a corporation (Alton Memorial), Salvador Lobianco, M.D. (Lobianco), and Kaycee Eyers (Eyers)— appeal the August 12, 2024, order of the circuit court of St. Clair County, which denied their

motion to transfer the medical malpractice complaint of the plaintiff, Alexia Richardson (appellee), to Madison County, pursuant to the doctrine of *forum non conveniens*. Defendant Midwest Acutecare Consultants had a default judgment entered against it on April 23, 2024, by the circuit court and has not joined in the appeal. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3      On October 16, 2019, appellee[1] filed her complaint against the appellants in the circuit court of Madison County, Illinois, and on December 4, 2019, she filed her first amended complaint. Both complaints alleged that, due to malpractice committed by the appellants in providing negligent medical care to appellee, she now suffers ongoing, severe gastrointestinal problems, including "short gut syndrome"—an effect of which is a frequent, urgent, and near-immediate bowel movement after eating.

¶ 4      On January 10, 2023, the circuit court of Madison County granted in part and denied in part appellee's "Motion for Sanctions" after a hearing. Then, roughly six months later on June 7, 2023, appellee signed a lease on an apartment in St. Clair County, with a move in date of June 9, 2023. On June 9, 2023, appellee filed a motion to voluntarily dismiss her lawsuit without prejudice, which was granted on June 13, 2023.

¶ 5      On June 22, 2023, the appellee filed a new complaint in the circuit court of St. Clair County against the appellants. This complaint was substantially similar to the amended complaint filed on December 4, 2019, in Madison County.

¶ 6      On October 23, 2023, Alton Memorial filed a "Motion to Dismiss and Transfer Under the Doctrine of Forum Non Conveniens," presenting three main arguments as the basis of the motion:

---

[1]It is unclear in the record on appeal what appellee's county of residence was at this time the initial complaint was filed and pending in Madison County. There are conflicting claims made by both parties; however, both agree it was either Madison County or Jersey County.

2

(1) the case had no practical connection to St. Clair County, as the injury, the defendants, and the occurrence witness were all centered around or located in Madison County; (2) Madison County residents had the strongest interest in the litigation as it was a local medical malpractice case; and (3) the sudden change in forum was for impermissible forum shopping reasons, as evidenced by the fact that the case had been litigated over the past four years in Madison County without issue until the appellee received an adverse ruling from the court on a pretrial matter when it granted in part and denied in part Appellee's motion for sanctions.

¶ 7    In support of its motion, Alton Memorial submitted a memorandum of law with exhibits showing that (1) corporate appellant FHMG was a Missouri corporation with a registered agent in Springfield, Illinois, though it acknowledged in its brief that it did have facilities in St. Clair County; (2) Husain's home is in St. Louis County, Missouri, as is Lobianco's home; (3) Aldridge's home is in Madison County, Illinois; and (4) they pled that, on "information and belief," Eyer's home is in Macoupin[2] County, Illinois. Additionally, Alton Memorial included a sworn affidavit from Lisa Blaes, its "Risk Manager," testifying that none of the hospital's staff deposed for this lawsuit were residents of St. Clair County and that moving the trial from Madison County to St. Clair County would create a significant hardship for the hospital due to the "disruption of work and coverage of nursing and operating room schedules." Then between October 24, 2023, and November 14, 2023, the remaining appellants all filed substantially similar motions to transfer venue from St. Clair County to Madison County, with similar affidavits in support of their motions.

¶ 8    On February 20, 2024, appellee filed a response to the appellants motions for transfer, arguing (1) that she was entitled to substantial deference in her choice of forum and (2) that appellants cannot show that the balance of factors outweighs the deference due to the plaintiff's

[2]In Eyer's motion to transfer, she identifies herself as a resident of Madison County.

choice of forum as (a) Madison County does not predominate the witness list, (b) St. Clair County residents have an interest in FHMG's medical practices, and (c) most of the evidence can be made, or already is, electronic and therefore easily accessible from anywhere.

¶ 9    In support of her response, appellee submitted an affidavit testifying that she was a resident of St. Clair County, having moved for a job opportunity in June of 2023, and is still employed in Belleville, Illinois. She further averred that it would constitute a hardship to have to travel to Madison County for trial, given her medical condition, as her current residence and worksite are much closer to the St. Clair County Courthouse than the Madison County Courthouse.

¶ 10    On March 13, 2024, the circuit court of St. Clair County heard the arguments of the parties related to the motions to transfer venue back to Madison County. On August 12, 2024, the circuit court entered a detailed written order denying the appellants' motions to transfer. The circuit court began its analysis by noting that "[appellee] is, undisputably, a resident of St. Clair County" and that, as a resident of her chosen forum, she "is afforded significant deference." It also noted that appellants challenged that deference by alleging that appellee was only a temporary resident who moved to St. Clair County for the "improper purpose" of swaying the *forum non conveniens* analysis. The circuit court then reiterated that it found appellee to be a resident of St. Clair County; that appellants conceded the issue during the hearing; and that, in any event, such an inquiry into appellee's motives in changing her residence would be improper in a *forum non conveniens* analysis, as courts cannot directly consider forum shopping as an element.

¶ 11    The circuit court then detailed how it found that none of appellants' cited cases supported their proposition that the plaintiff was due diminished deference because of St. Clair County being a "second choice" forum, finding the cases cited by appellants in support of that contention to be factually distinguishable from the instant case. After deciding that plaintiff was due substantial

4

deference, the court then went on to detail its analysis of all the private and public interest factors, noting that the burden was on the appellants to overcome the substantial deference afforded to the appellee's choice of her resident forum.

¶ 12    The court began its analysis of the interest factors by stating that it found that some factors either weighed in favor of the plaintiff or were otherwise neutral between the parties, such as (1) the ease of access to sources of documentary and real evidence, as the court opined that since the coronavirus pandemic courts have facilitated greater remote discovery and transfer of evidentiary materials, and that in a medical malpractice action a site visit to the hospital would be unlikely; (2) the absence of other practical problems in trying the case; and (3) the court's belief that there would be no administrative difficulties caused by adding the litigation to the court's docket.

¶ 13    Next, the court discussed the appellants' contentions that they, and their witnesses, would be inconvenienced by a trial in St. Clair County, as opposed to Madison County. The court first dismissed appellants' argument that appellee would not be inconvenienced by a move to Madison County, finding that Illinois law does not recognize a defendant's claims as to a plaintiff's convenience. The circuit court then went on to evaluate the claims of inconvenience to the appellants themselves and their witnesses, finding (1) that while appellants cite to concerns around their ability to provide medical care if the trial proceeds in St. Clair County, they would likely be unable to see patients during the proceedings regardless of where the trial was held; (2) that one of the corporate appellants, FHMG, who employs three of the four noncorporate appellants, resides in St. Clair County; (3) that of the four non-corporate appellants, only one resided in Madison County, and two resided in Missouri; (4) that another corporate defendant, Midwest Acutecare Consultants, is also a resident of Missouri; and (5) that the appellee pointed to her own treating

5

providers and damages witnesses located in St. Clair County who would be inconvenienced by a trial in Madison County (though the court noted they are due decreased deference under Illinois precedent). As a result, the circuit court found that the potential witnesses and parties were scattered among several counties, such that "no single county enjoys a predominant connection to the litigation" and, thus, the inconvenience of a trial in St. Clair County to appellants and their witnesses does not weigh strongly in favor of transfer.

¶ 14    Finally, the court discussed the public interest and the burden of jury duty on each respective counties' residents, finding that although Madison County residents have a strong interest in the litigation as the situs of the alleged negligence, St. Clair County residents also had a strong legitimate interest as appellant FHMG operated medical facilities in St. Clair County, and citing another Fifth District case, *Evans v. St. Joseph's Hospital*, 2020 IL App (5th) 190414, in support of that conclusion.

¶ 15    At the conclusion of its analysis of the private and public *forum non conveniens* interest factors, the St. Clair County circuit court found that the factors did not strongly weigh in favor of transfer to Madison County and, therefore, appellants could not overcome the substantial deference due appellee's choice of her resident forum. Thus, the circuit court denied the appellants' motion to transfer the case back to Madison County.

¶ 16    On October 11, 2024, appellants timely filed a petition for leave to appeal from the circuit court's order denying their motion to transfer, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020). On November 12, 2024, this court granted the petition, and this appeal followed.

¶ 17                                    II. ANALYSIS

¶ 18    As a preliminary matter, the appellee made a motion at oral argument that this court take judicial notice of appellant FHMG's presence in St. Clair County according to the Illinois State

6

Secretary of State's Website (ilsos.gov). Courts may take judicial notice of matters which are commonly known or of facts which, while not generally known, are readily verifiable from sources of indisputable accuracy. *People v. Davis*, 65 Ill. 2d 157, 161 (1976). This includes information on a government website. See *Edward Sims Jr. Trust v. Henry County Board of Review*, 2020 IL App (3d) 190397, ¶ 26 n.6. We therefore grant the appellee's motion and take notice of the information contained in the Illinois Secretary of State's website on appeal, as it falls within the category of readily verifiable matters.

¶ 19    This court has repeatedly set forth that the relevant standards for our review of an order regarding a motion to transfer a cause based on the doctrine of *forum non conveniens* are, as follows: "A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

¶ 20    "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id.* "Each *forum non conveniens* case must be considered as unique on its facts." *Id.* at 443. "Every request for transfer based upon *forum non conveniens* must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness.' " *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

¶ 21    In determining whether to grant or deny a motion to dismiss on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. "An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum." *Id.* at 173.

¶ 22                    A. Deference Due to Plaintiff's Choice of Venue

¶ 23    In evaluating this case, the first question we must answer is how much deference we must afford to the appellee's choice of which forum she wishes to litigate her case. See *In re Marriage of Mather*, 408 Ill. App. 3d 853, 858 (2011). It is generally assumed that the plaintiff's choice of forum is convenient, unless the balance of the relevant factors strongly favors a dismissal, the plaintiff's choice should rarely be disturbed. *Dawdy*, 207 Ill. 2d at 173. "However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 18. Moreover, when the plaintiff is foreign to the chosen forum and the action that gives rise to the litigation did not occur in the chosen forum, "it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." (Internal quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. "A plaintiff's right to choose a forum cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system." (Internal quotation marks omitted.) *Id.* at 175.

¶ 24    Here, appellants argue that we must give diminished deference to appellee's choice of forum because the case was previously venued in another Illinois jurisdiction. In support of their contention, the appellants first direct this court's attention to *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323

8

(1994). In *Peile*, the plaintiff was a resident of Pike County. After his house was destroyed, he brought suit in Madison County, the location of one of the corporate defendant's headquarters. *Id.* at 326-27. The defendants then filed a *forum non conveniens* motion to move the case to Pike County, the county of the plaintiff's residency and the situs of the accident. The motion was granted by the Madison County circuit court. *Id.* The case was then litigated in Pike County for two years before the plaintiff voluntarily dismissed the case and refiled it in St. Clair County. *Id.* at 327. Defendants once again moved to return the case to Pike County. *Id* at 327-28. The circuit court denied the motion, and the appellate court affirmed. *Id.* at 329. The Illinois Supreme Court reversed, citing in part that it was defendant's second choice of forum. *Id.* at 344.

¶ 25    In bringing this case to the court's attention, the appellants argue that deference to a plaintiff's choice of forum "should be of lesser magnitude in the context of a refiled action" (*id.*) that was extensively litigated in one forum, then voluntarily dismissed and refiled in another. However, appellants leave off the second half of the sentence they quote in support of their contention which reads, "where the refiling occurs after the original court has ruled in favor of transfer to [a] different forum." *Id.* Here, appellee has not had her case moved under a *forum non conveniens* analysis before, and thus, we find this case is not applicable to the case at bar.

¶ 26    Next, the appellants direct us to examine three cases, which they also cited in the circuit court: *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504 (2003); *Wagner v. Eagle Food Centers*, 398 Ill. App. 3d 354 (2010); and *Bruce v. Atadero*, 405 Ill. App. 3d 318 (2010). In each of these cases, the plaintiffs brought their lawsuit in their chosen county, which was either the county of injury, residence, or both. After their case had been pending between two and seven years, the plaintiffs dismissed and refiled in another county that was neither the place of injury nor residence. In each

9

of these cases, the defendants filed a motion to transfer venue back to the original county based on *forum non conveniens*, and in each case, the motion was denied by the circuit court and reversed on appeal, with the reviewing court ruling the motion should have been granted.

¶ 27    Appellants argue that these cases illustrate their contention that a circuit court must consider the litigation history as part of the *forum non conveniens* analysis and the fact that another circuit court has made rulings on the case in the past is part of the reason a second-choice forum receives significantly less deference. We disagree with this framing, however, as in each of these cases, the courts cite concerns around forum shopping, for example, in *Bruce*, 405 Ill. App. 3d 318, the court states that:

> "In this case, given that plaintiff is not a resident of Cook County and the acts or omissions did not occur in Cook County, but rather in McHenry County, plaintiff's previously chosen forum, with no change in circumstances such that Cook County would be a more convenient forum, we find that plaintiff is engaging in forum shopping." *Id.* at 328.

¶ 28    Here, concerns around forum shopping as the reason for the change in forum are non-operative. Unlike in *Bruce*, or the other cases, there has been a significant change in circumstances here, as appellee is no longer a resident of the same county she was when the case was originally filed in Madison County. Instead, she is now a resident of St. Clair County, where she is seeking to continue the action. Therefore, we find these cases to be nonapplicable to the case at bar as well.

¶ 29    Next, appellants direct our attention to *Carona v. Illinois Central Gulf R.R. Co.*, 145 Ill. App. 3d 880 (1986). In *Carona*, the plaintiff, who was then a Mississippi resident, was injured while working for a railroad and, about six months later, moved to Madison County, Illinois, where he filed suit against the railroad for the injuries he sustained. *Id.* at 881. In reversing the trial court's decision to deny the defendant's *forum non conveniens* motion to decline jurisdiction, the appellate

10

court opined that an Illinois resident has the expectation of protection from Illinois law as a citizen of the state, while a non-Illinois resident has no such expectation of protection, where the only connection to Illinois is a post-injury move and, therefore, his choice of an Illinois forum receives no deference. *Id.* at 882.

¶ 30    Appellants argue that this case stands for the proposition that a post-injury move cannot be the only factor connecting the lawsuit to the forum. While we question the applicability of this case to *in-state* residents and *intra-state* moves, even defendant's proposed reading of this case does not answer the question of the degree of deference that should be given in this case, where plaintiff's post-injury move is not the only factor connecting the lawsuit to St. Clair County. The court has taken judicial notice of the fact that at least one defendant, FHMG, provides surgical services in St. Clair County. Therefore, we find this case to be non-applicable to the case at bar.

¶ 31    Appellants next direct our attention to *Mather*, 408 Ill. App. 3d 853. In *Mather*, the parties were married and resided in Du Page County, Illinois, from June of 1988 until March of 2009, when plaintiff moved out of the parties' home to an apartment also located in Du Page County. *Id.* at 854. On October 17, 2009, plaintiff also leased another apartment, this one in Chicago, while still maintaining his leased apartment in Du Page County. *Id.* On November 5, 2009, he filed for divorce in Cook County, and defendant then filed a motion to transfer venue to Du Page County. The circuit court granted the motion, and the First District Court upheld. *Id.*

¶ 32    Appellants cite this case to support their contention that where a plaintiff is a new resident to their choice of forum, the plaintiff is not entitled to full deference. However, we note that there are significant differences between the case before us and that of *Mather*. In *Mather*, and unlike here, the plaintiff maintained two residences at the time he filed his lawsuit in Cook County, while appellee only maintains one residence. *Id.* at 858. Additionally, we note that *Mather* was a divorce

11

case, whereas the case before us is a medical negligence case. This is an important distinction because, in *Mather*, the court found significant that "Du Page County was his primary residence throughout his marriage and separation" *Id.* In this medical negligence case, what is significant is that the injuries resulting from the alleged negligence resulted in severe incapacities, including short-gut syndrome, which significantly restricts appellee's ability to travel and therefore required her to find a residence close to her place of employment. Therefore, we are not inclined to follow *Mather* here, where appellee only had one residence at the time of filing suit in St. Clair County and that residence was required to be close to her place of employment due to her injuries. See *People v. Stephens*, 2024 IL App (5th) 220828, ¶ 11 ("Although we may consider decisions of our sister districts as instructive, we note that we are not bound by the decisions of other districts.").

¶ 33    Finally, the appellants direct our attention to *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278 (1988). In *McClain*, the plaintiff, a resident of Tennessee, was injured in a car accident on railroad property in Shelby County, Tennessee. After filing his lawsuit against the defendant railroad in Madison County, Illinois, he moved his residence to Madison County as well. *Id.* at 282-83. After conducting a *forum non conveniens* inquiry, the Illinois Supreme Court gave diminished deference to plaintiff's choice of venue, following the *Carona* precedent appellants cited above, and dismissed the plaintiff's case. *Id.* at 292.

¶ 34    Appellants argue before this court that this case stands for the proposition that the court "must consider the impact of the plaintiff's chosen forum on all parties and critical witnesses, as illustrated by the numerous public and private interest factors." We agree with appellants on that point, as we find that the law on the subject is well developed. However, appellants go on to argue that such analysis must "includ[e] the disruption caused by uprooting the litigation." We see no support for that contention in the cited case. In fact, we find quite the opposite. The Illinois

12

Supreme Court specifically rejected the plaintiff's argument that the amount of time the case had been pending in the forum should be considered when evaluating the case, pointing out instead that cases have been transferred even "after an action has been tried to verdict." *Id.* Therefore, we again find that the case cited by the appellants is nonapplicable to the case at bar.

¶ 35 Upon our own review of the case law, and review of the cases cited by the parties, we find notably absent from our jurisprudence the answer to the question: how much deference is afforded to a plaintiff where, as here, she has previously filed her case in one Illinois county, moved her residence to another Illinois county, voluntarily dismissed her case in the original county in which it was filed, and subsequently refiled her case in the county in which she now resides. Therefore, this is a question of first impression before us.

¶ 36 In answering this question, we first note that we have previously held that a plaintiff has a right to voluntarily dismiss their lawsuit, and that their reason for doing so is immaterial. *Metcalfe v. St. Elizabeth's Hospital*, 160 Ill. App. 3d 47, 53-54 (1987). Second, we note that—as a corollary to this—plaintiff has a right to refile the lawsuit. See, *e.g.*, *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207 (2007). Third, we note that the Illinois Supreme Court has held that when a case is refiled, it must be done as a new lawsuit (including new "case number[s], filing fee[s], and summons"). *Eighner v. Tiernan*, 2021 IL 126101, ¶ 1.

¶ 37 Therefore, because (1) appellee was previously a resident of another Illinois county[3] when she filed her initial lawsuit in circuit court of Madison County; (2) her original lawsuit was not transferred to another circuit court on *forum non conveniens* grounds; (3) she moved to St. Clair County, Illinois during the pendency of her case; (4) she voluntarily dismissed her lawsuit in

---

[3]See footnote 1: It is unclear at the time the first complaint and the amended complaints were filed in Madison County whether appellee was a resident of Madison County or Jersey County.

13

Madison County; and (5) she has refiled her lawsuit as a new case in St. Clair County, where she now resides and is employed in a capacity that suits her medical needs, we find that the circuit court of St. Clair County did not abuse it's discretion in finding that appellee was entitled to receive substantial deference as a resident of the county in which she has filed her lawsuit for the purposes of the court's *forum non conveniens* analysis.

¶ 38                    B. Public and Private Interest Factors

¶ 39    Having determined that the circuit court did not abuse its discretion in affording substantial deference to appellee's choice of forum, we must now consider whether the circuit court abused its discretion when it found that the balance of private and public interest factors weighed in favor of keeping the case in St. Clair County.

¶ 40    In Illinois, the private interest factors include (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *First American Bank v. Guerine*, 198 Ill. 2d 511, 516 (2002). The public interest factors include

> "(1) the interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora." *Id.* at 516-17.

¶ 41    The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors a dismissal and transfer (*Dawdy*, 207 Ill. 2d at 188-89), and the circuit court must evaluate the totality of the circumstances when determining whether that burden has been met (*Fennell*, 2012 IL 113812, ¶ 17). The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

14

¶ 42    Regarding the convenience of both forums to the parties, where a plaintiff files her suit in the county of her residence, the forum is presumed to be convenient for the plaintiff. *Peile*, 163 Ill. 2d at 337. Therefore, we can presume that St. Clair County is a convenient forum for appellee. However, appellants argue that the St. Clair forum chosen by appellee is inconvenient to them and that the original forum of the lawsuit, Madison County, would be more convenient. In support of their contention, appellants argue that all the appellants resided or worked in Madison County and that, therefore, Madison County is more convenient for them. However, we note that, to prevail on this factor, a defendant needs "to show not only that [plaintiff's] chosen forum was inconvenient for [defendant] but also that their preferred forum *** [is] 'more convenient to *all parties*.' " (Emphasis in original.) *Starr v. Presence Central & Suburban Hospitals Network*, 2024 IL App (1st) 231120, ¶ 30 (quoting *Langenhorst*, 219 Ill. 2d at 444). Here, appellants argue only that Madison County used to be convenient for everyone, while acknowledging that appellee has a new residence that makes St. Clair more convenient for her. Appellee meanwhile brought to the circuit court's attention the fact that the injuries resulting from the alleged negligence resulted in severe incapacities, including short-gut syndrome, which significantly restricts appellee's ability to travel and, therefore, made the St. Clair County Courthouse significantly more convenient for her, as the Madison County Courthouse is twice as far from her residence. Therefore, we cannot say that the circuit court abused its discretion in finding that the convenience of the parties does not weigh in favor of one county over the other.

¶ 43    Regarding access to evidence, in this case, as in *Kuhn*, all of the alleged malpractice occurred in the county of proposed transfer, which is Madison County. See *Kuhn v. Nicol*, 2020 IL App (5th) 190225, ¶ 12. As such, all medical personnel and records surrounding the appellee's allegations of medical malpractice are in Madison County. See *id.* However, unlike in *Kuhn*, the

15

appellants admit in their brief that the modern "electronic transfer of information" makes ease of access to information a relatively minor factor. Accordingly, the circuit court was not in error in finding this factor relatively insignificant and not weighing in favor of one party over another.

¶ 44    Regarding ease of securing witness testimony, the appellee has identified several potential damages witnesses who are acquainted with the appellee's condition and reside in St. Clair County, so St. Clair would likely be convenient for them. The appellants likewise have identified several occurrence witnesses who work in Madison County, though not all of their occurrence witnesses reside there. As a result, the circuit court's ruling that no one county predominates the witness list is not arbitrary or unreasonable.

¶ 45    Regarding the possibility of viewing the premises, we agree with the circuit court, and appellants concede, that a viewing of the premises is unlikely in a medical malpractice case. Additionally, Illinois courts have recognized that in the context of medical negligence cases "a viewing of the site is rarely or never called for." (Internal quotation marks omitted.) *Bruce*, 405 Ill. App. 3d at 326. Accordingly, this private interest factor is relatively insignificant and is neutral between the parties.

¶ 46    Regarding other factors relating to an easy, expeditious, and inexpensive trial, the appellee argues that the injuries she suffered from appellants alleged negligence resulted in what is commonly known as "short gut syndrome," a condition which "multiplies otherwise-insignificant differences in travel time" as she suffers from severe gastrointestinal issues that make travel significantly more difficult, although, as appellants have pointed out, not impossible. Accordingly, this fact augments the importance of St. Clair County as plaintiff's choice of forum.

¶ 47    The appellant Alton Memorial meanwhile argues that the St. Clair forum is inconvenient because it will impact its ability to adequately staff its hospital due to the large number of personnel

16

expected to testify at trial. The circuit court found these concerns unpersuasive, citing a line of cases for the proposition that staff will largely be unavailable no matter where the trial is held, and so that factor does not weigh heavily into the *forum non conveniens* analysis. See *Starr*, 2024 IL App (1st) 231120, ¶ 26; *Kujawa v. Hopkins*, 2019 IL App (5th) 180568, ¶ 31. However, in both cases that the circuit court cites to, the proposed inconvenience was not properly pled or placed before the court. See *Starr*, 2024 IL App (1st) 231120, ¶ 24; *Kujawa*, 2019 IL App (5th) 180568, ¶ 31. In cases where the defendant has raised the issue before the court and supported their contentions with more than "conclusory statements" of inconvenience (*Starr*, 2024 IL App (1st) 231120, ¶ 25), Illinois courts have found that trials in forums other than the one where a defendant's medical practice is located can be a factor in determining that a forum is inconvenient for the defendant. See *Brandt v. Shekar*, 2020 IL App (5th) 190137, ¶ 38; *Bruce*, 405 Ill. App. 3d at 325; *Gundlach v. Lind*, 353 Ill. App. 3d 677, 683 (2004). Here, the appellant Alton Memorial specifically submitted an affidavit explaining how a trial in St. Clair County would have greater impacts on the Hospital than a trial in Madison County. As a result of both parties' special circumstances, we find the circuit court's ruling that the "other practical problems" factor was neutral or balanced between the parties was not an arbitrary or unreasonable finding.

¶ 48    Turning to the public interest factors—which include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and local interest in local controversies—we cannot say the circuit court abused its discretion in finding that such factors do not strongly favor Madison County. First, the circuit court of St. Clair County is in the best position to gauge its own level of congestion. *Buettner v. Parke-Davis & Co.*, 217 Ill. App. 3d 316, 323-24 (1991). As the circuit court found that congestion is not an issue, and

17

we have no facts presented showing this was an incorrect decision, we find there was no abuse of discretion in finding this factor weighs in favor of keeping the case in the chosen forum.

¶ 49    Next, as to the local interest in local controversies, this is not a case where the only ties between the litigation and the plaintiff's chosen venue are the business interests of the defendants. Appellee is a resident of the county and at least one appellant, FHMG, provides medical services in St. Clair County. *C.f. Kuhn*, 2020 IL App (5th) 190225, ¶ 17 (the defendants had a registered agent and business interests in the chosen venue); *c.f. Brandt*, 2020 IL App (5th) 190137, ¶ 11 (it was undisputed that none of the defendants rendered treatment to citizens in the chosen county). In challenging the circuit court's finding that FHMG provides medical services to the citizens of St. Clair County as well, the appellants have pointed out that the residents of Madison County undoubtedly have a strong interest in this litigation, as the situs where the alleged negligence occurred. *Kuhn*, 2020 IL App (5th) 190225, ¶ 17. However, as we took judicial notice of above, defendant FHMG has a presence in operating medical facilities in St. Clair County, Illinois. Additionally, at least two of the facilities do list surgery as part of the registered name, including "HAND SURGERY AT BELLEVILLE" and "VASCULAR VEIN SURGERY AT BELLEVILLE." Accordingly, a reasonable circuit court could find that St. Clair County also has an interest in the subject of this litigation and that it would not be unfair to burden the citizens of either county with jury duty in this case. *St. Joseph's Hospital*, 2020 IL App (5th) 190414, ¶ 15; *c.f. Kuhn*, 2020 IL App (5th) 190225, ¶¶ 17-18. Whether this court would reach the same conclusion as did the circuit court is not the issue because we must give the circuit court the appropriate amount of deference. See *Evans v. Patel*, 2020 IL App (1st) 200528, ¶ 29 (the abuse of discretion standard of review is most deferential).

18

¶ 50　Based upon the foregoing, we find that—under the unique facts of this case, and given the exigencies required by appellee's medical conditions—the circuit court did not abuse its discretion in giving substantial deference to plaintiff's choice of forum and its analysis of the public interest factors was not unreasonable. Here, we cannot conclude that the circuit court's finding that the appellants failed to meet their burden to establish that the balance of the public and private interest factors "strongly favor" disturbing the appellee's choice was so unreasonable that no court would take the same position. Accordingly, the circuit court's decision to deny the appellants' motion to transfer the cause to Madison County was not an abuse of discretion.

¶ 51　　　　　　　　　　　C. Concerns Around Forum Shopping

¶ 52　Finally, we note that many of appellants' arguments include allegations that appellee has engaged in forum shopping. We feel that it is important to state that this is not a "factor" for *forum non conveniens* analysis. *Id.* ¶ 33. We do, however, note that, in general, forum shopping is disfavored. *Guerine*, 198 Ill. 2d at 521.

¶ 53　Therefore, we find that here, even though the circuit court found that appellee's residence in St. Clair County was not "fraudulent," it did not commit abuse of discretion in considering a factor not part of the analysis, where it also noted in its order that forum shopping is not part of a *forum non conveniens* analysis, and it was not being considered in the analysis.

¶ 54　　　　　　　　　　　　　III. CONCLUSION

¶ 55　For the foregoing reasons, we affirm the August 12, 2024, order of the circuit court of St. Clair County, which denied the defendants' motion to transfer this cause to Madison County, pursuant to the doctrine of *forum non conveniens*.

¶ 56　Affirmed.

¶ 57　JUSTICE SHOLAR, specially concurring:

19

¶ 58   While I agree with the majority's conclusion that the circuit court did not abuse its discretion by denying the defendants' motion to transfer this cause to Madison County, I write separately to address certain points of emphasis.

¶ 59   Subsection "C" of the majority's opinion discusses "Concerns Around Forum Shopping." Respectfully, in my opinion, our resolution of this matter should begin with that discussion. The majority states, "We feel that it is important to state that [forum shopping] is not a 'factor' for *forum non conveniens* analysis. [Citation.] We do, however, note that in general, forum shopping is disfavored." *Supra* ¶ 52. While it is true that "forum shopping" it not a factor established by precedential *forum non conveniens* cases, it is a concept which should be given consideration in light of the facts presented in this case.

¶ 60   In the case before us, the circuit court recognized the need to address this concern. The circuit court's order found that the "Defendants ultimately conceded that Plaintiff's residence in St. Clair County was not fraudulent." The court noted, "This contention is the real centerpiece of Defendants' argument for transfer—hypothetical future plaintiffs may read an order denying Defendants' instant motions to transfer as an invitation to uproot their homes and jobs and get new homes and jobs in St. Clair County." The circuit court continued:

> "Defendants make this argument in the context of *admitting* that Ms. Richardson's domicile and employment in St. Clair County is not fraudulent. She really moved here; she lives here; she works here. The Court need not rule on the plausibility that denying Defendants' *forum non conveniens* motions in this case will effect an ark of wayward *** plaintiffs washing upon St. Clair County shores; suffice to say the Court finds it implausible. Even were an entirely-speculative scourge of relocating

20

plaintiffs plausible; they would not be relevant to the *forum non conveniens* analysis *in this case*." (Emphases in original.)

¶ 61 The circuit court correctly considered plaintiff's motivations for moving. Once the court determined that the move was not fraudulent, the court properly analyzed the matter based on the relevant private and public interest factors, ultimately giving substantial deference to the plaintiff's choice of forum. I agree with the circuit court on this point. It is not within the court's purview, on a *forum non conveniens* analysis, to adjudge whether the plaintiff's intentions to remain domiciled in the venue is "good enough." Defendants' arguments that hypothetical future plaintiffs may read an order denying their motions to transfer as an invitation to move to St. Clair County and seek new employment there is beyond the considerations of a *forum non conveniens* analysis. As such, the plaintiff's choice of forum was appropriately afforded substantial deference.

¶ 62 However, turning to the public interest factors, I respectfully disagree with the majority's conclusion that the public interest factors do not strongly favor transfer to Madison County. With respect to the public interest factors, certain facts of the case weigh heavily in favor of transfer to Madison County. For instance, the plaintiff sustained injuries after receiving allegedly negligent medical care in Madison County, and the case was litigated for nearly four years in Madison County.

¶ 63 Nonetheless, viewing all of the evidence in balance with the other factors and considering the highly deferential abuse of discretion standard, the majority's misapplication of the public interest factors is not enough to reverse the circuit court's decision. Ultimately, I agree with the majority that the circuit court did not abuse its discretion by denying the defendants' motion to transfer the cause to Madison County; however, I would weigh the public interest factors differently than my esteemed colleagues.

21

---

*Richardson v. Husain*, 2025 IL App (5th) 240916

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of St. Clair County, No. 23-LA-745; the Hon. Andrew J. Gleeson, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Dawne K. Zupanci, of HeplerBroom LLC, of Edwardsville, and Irina Dmitrieva, of HeplerBroom LLC, of Chicago, for appellant Alton Memorial Hospital. |
| | Gretchen Harris Sperry, of Gordon Rees Scully Mansukhani, of Chicago, James E. Neville and Matthew C. Zittel, of Neville, Richards, Zittel & Siegel, of Swansea, and Jason K. Winslow and Blair Keltner, of Gordon Rees Scully Mansukhani, Untress L. Quinn and Corey A.-T. Stegeman, of Armstrong Teasdale, LLP, and Mark R. Feldhaus and William J. Magrath, of Lashly & Baer, P.C., all of St. Louis, Missouri, for other appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Thomas Q. Keefe Jr. and Kelly T. Crosby, of Keefe, Keefe & Unsell, P.C., of Belleville, for appellee. |

---